EX PARTE ELVIN H. SCHELLINGER.

No. 26, 437. April 8, 1953.

Relator represented himself.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

Relator, an inmate of the penitentiary, seeks his discharge by writ of habeas corpus, alleging that the two offenses set forth in the indictment upon which he was convicted were not offenses of the same nature as defined by Article 62, P. C., and that, therefore, a conviction on such indictment is void.

Relator was convicted in the criminal district court of Harris County upon an indictment charging a primary offense of felony theft and alleging a prior conviction of the felony offense of defrauding by obtaining things of value with a worthless check.

The verdict of the jury found the relator guilty of the primary offense and that he had been previously convicted as alleged. The court assessed the punishment at ten years, in compliance with Article 62, P. C.

The gist of both the offense of felony theft and of defrauding by obtaining things of value with a worthless check is the

fraudulent acquisition of property belonging to another. The same facts may often support a conviction of either theft or of some other form of unlawful acquisition of property.

By the terms of Article 1549, Vernon's Ann. P. C., where property is obtained in such manner that the acquisition thereof constitutes both swindling and some other offense, prosecution may be maintained for swindling or for another offense committed in the unlawful acquisition of the property.

In Gibbs v. State, (page 145, this volume), 253 S. W. 2d 1002, we held that where the evidence would support a conviction for the fraudulent acquisition of property by the giving of a worthless check or a conviction for theft, the state might elect, under the terms of the above act, to proceed on either charge.

We hold that, because of the common gist of the two offenses, theft and defrauding by obtaining property by the giving of a worthless check are offenses of the same nature as that term is used in Article 62, P. C.

The application for writ of habeas corpus is denied.