THOMAS J. THOMAS V. STATE.

No. 30,642. May 6, 1959.
Motion for Rehearing Overruled June 17, 1959.

Oliver, Gillespie & Lacy, by Leo A. Oliver, San Antonio, for appellant.

Charles J. Lieck, Jr., Criminal District Attorney, H. F. Garcia, John G. Benavides, Assistants Criminal District Attorney, San Antonio, and Leon Douglas, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery; the punishment, 5 years in the penitentiary.

The injured party, Joseph H. Conner, was a bus driver for the San Antonio Transit Company.

On the night in question, Conner drove his bus to the end of the line at Porter and Walters streets where, after all the passengers had alighted, he got off the bus to use a telephone. As he was standing by the bus the appellant and a man by the name of Johnny Jannasch approached him. Jannasch had a .32 calibre Browning automatic pistol in his hand and proceeded to point the pistol at the injured party and take his billfold while the appellant entered the bus and took the money-changer. It was shown that approximately $86.00 was taken altogether from the the injured party and the bus.

Appellant's written confession made to Officer A. E. Zapata after his arrest, with the exception of certain portions which were deleted upon appellant's objection, was introduced in evidence in which appellant admitted participating in the robbery with Jannasch, receiving his share of the fruits of the crime and also implicated another companion by the name of Junior Pearson as one of the participants.

Appellant's defense was that of duress and lack of intent to rob.

As a witness in his own behalf, appellant testified that he was an informer doing undercover work for the San Antonio police department for which he was paid by the case; that he worked for Captain Bob Allen of the Vice Bureau and had also done work for officers Keene and Weilbacher. Appellant testified that on the night in question he met Johnny Jannasch, who Captain Allen had told him to watch, and Junior Pearson at a hamburger stand, and from there they drove to Jannasch's apartment where Jannasch secured a gun; that Jannasch and Pearson then told him "they had something planned" but that they would not tell him until they showed him where it was and stated that if he or anyone tried to back out he would be shot or Jannasch's brother would take care of him; that later they drove to the scene of the robbery where Pearson remained in the automobile and appellant, upon orders, got out, accompanied Jannasch to the bus, and upon Jannasch's instructions entered the bus and took the money-changer while Jannasch held the pistol on the injured party. Appellant admitted that he received $20.00 from the proceeds of the robbery and that a day or two later he and Jannasch went to El Paso and had returned to San Antonio the night before they were arrested.

Appellant denied that he had anything to do with planning the robbery and testified that on three occasions he attempted to contact Captain Allen by telephone to inform him of the robbery but that on each occasion he was unable to talk to him. Appellant testified that his first attempt was on the night of the robbery before it was committed and the other two calls were placed after the robbery before he went to El Paso; that on each occasion he talked to Officer Peace but did not report the robbery to him because Captain Allen had instructed him not to report any information to anyone except to him. Officer Peace testified that he knew the appellant as an informer for the Vice Squad and that he had called several times for Captain Allen but denied that he called on the night of the robbery. Captain Allen testified that appellant was an informer for his bureau but denied that he had told appellant that he could not report information to anyone except himself. Sgt. David Keene of the Robbery and Homicide Division and Sgt. William A. Weilbacher of the Bureau of Narcotics both denied that appellant had worked for them as an informer.

The court submitted the issue of appellant's guilt to the jury under a charge on the law of principals and affirmatively submitted his defense of duress and lack of intent to rob.

Appellant insists that the evidence is insufficient to support the conviction because there is no evidence that he intended to rob the injured party. It is appellant's contention that the evidence shows that his participation in the robbery was as an undercover agent for the police department and with no intent to steal from the injured party.

The offense of robbery is an aggravated form of theft, and intent to deprive the owner of the property and to convert it to the use and benefit of the party taking is an essential element of the offense of theft. Tomlin v. State, 154 Texas Cr. Rep. 1, 224 S.W. 2d 259. It is held the intent of the accused must be ascertained and determined from his words, acts and conduct. Bailey v. State, 139 Texas Cr. Rep. 260, 139 S.W. 2d 599.

The evidence in the instant case of appellant's acts and conduct was sufficient to warrant the jury's conclusion that he participated in the robbery with the intent to deprive the injured party of the money and appropriate it to his own use and benefit. The jury were the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony and were authorized to reject the testimony of appellant that he

was acting as an undercover agent with no intent to steal. See Texas Digest, Criminal Law, Sec. 742 (1) and cases there cited.

The case of Barnes v. State, 100 Texas Cr. Rep. 135, 272 S.W. 188, cited by appellant, may be distinguished from the facts in the present case because in that case it was shown that the accused had conferred with the officers concerning his participation in the robbery for the purpose of detecting crime and there was nothing to suggest, as stated in the opinion, that the accused entertained any intention to deprive the injured party of the money taken in the robbery. Such are not the facts in the instant case.

Appellant contends that state's counsel committed reversible error in his closing argument to the jury in referring, on two occasions, to the deleted portions of appellant's confession and telling the jury that the reason the portions were deleted was because "There were discrepancies in this confession they didn't like * * *." and after appellant's objection thereto was sustained in further stating "All right. But it's here anyhow. You read the confession. Of course, you can't read the deleted part." The bill of exception as qualified shows that in each instance appellant's objection was sustained by the court and the jury was instructed not to consider the argument. Appellant did not move for a mistrial. There is nothing to show that the jury was informed of the contents of the deleted portion of the confession. While the remarks of counsel were improper, under the record and in view of the minimum punishment assessed, we are unable to say that the argument was so obviously prejudicial that its effect upon the jury could not be withdrawn by the court's instruction. Appellant's contention is overruled.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.