GALE CARROLL DICKEY V. STATE

No. 31,841. May 4, 1960
Motion for Rehearing Overruled June 15, 1960

*W. E. Martin,* Houston, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Morgan W. Redd,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery by assault with punishment assessed under Art. 62, V.A.P.C. at life imprisonment by reason of a prior alleged conviction for an offense of like character.

The indictment alleged that on or about the 25th day of April, 1959, the appellant committed the primary offense and that prior to the commission of said offense the appellant was on the 15th day of November, 1957, convicted in the Criminal District Court No. 3 of Harris County, Texas, of an offense of like character "to-wit, the offense of theft, a felony."

The prosecuting witness, Millie Steel, testified that on the date alleged she was employed as a cashier at a Florians' Finer Food Store in the city of Houston; that on such date while she was on duty working in a courtesy booth, a man, whom she positively identified as the appellant, entered with a gun and stated "I want that money;" that appellant then took all the money which she had in a drawer and file cabinet together with the money which another cashier, Miss Foreboch, had in a drawer and then left. The prosecuting witness testified that on such occasion approximately $1,000 was taken from the money drawer and that she was in fear of being shot or killed and for such reason permitted appellant to take the money. Other

witnesses called by the state corroborated the testimony of Miss Steel as to the commission of the robbery including Miss Foreboch, the other cashier, who identified the appellant as the guilty party.

Appellant's written confession made to the officers after his arrest was introduced in evidence by the state in which he admitted committing the robbery on the day in question.

In proof of the prior alleged conviction the state introduced in evidence certified copies of the judgment and sentence in cause No. 81,547, styled The State of Texas v. Gale Carroll Dickey on the docket of Criminal District Court No. 3 of Harris County which showed that on the 15th day of November, 1957, the defendant therein was convicted of "theft, a felony" and assessed punishment at 2 years confinement in the penitentiary. Proof was made by the state and appellant admitted that he was the person so convicted in the cause.

Testifying as a witness in his own behalf, appellant repudiated his written confession made to the officers, testified that it was not voluntarily made, denied committing the robbery and testified to a defense of alibi.

The court submitted to the jury in his charge the appellant's defense of alibi and the issue which was raised by the evidence as to the voluntary nature of appellant's confession.

Appellant's sole contention on appeal is that the conviction with enhanced punishment under Art. 62, supra, cannot be sustained because it was not shown that the prior alleged conviction for felony theft was for an offense of like character to that of the primary offense of robbery by assault.

Appellant insists that the offense of "theft, a felony" is not an offense of like character to robbery by assault and since the state did not prove the kind of theft for which he was previously convicted and his testimony showed that the conviction was for theft by false pretext, the proof does not show that the prior conviction was for an offense of like character to the primary offense of robbery by assault.

With this contention we do not agree.

The offense of robbery is but an aggravated form of theft.

Tomlin v. State, 154 Tex. Cr. R. 1, 224 S.W. 2d 259 and Thomas v. State, 168 Tex. Cr. R. 225, 324 S.W. 2d 869. Whether the prior conviction be for ordinary theft or theft by false pretext by the giving of a worthless check, as suggested by appellant's testimony, the offenses are of like character. In Ex parte Schellinger, 158 Tex. Cr. R. 438, 256 S.W. 2d 577 it was held that the offenses of theft and defrauding by obtaining property by the giving of a worthless check are offenses of the same nature as that term is used in Art. 62, V.A.P.C. The proof of appellant's prior conviction for felony theft was sufficient to show that he had been previously convicted of an offense of like character to the primary offense of robbery. We find no merit in appellant's contention that because the evidence showed that in committing the robbery, the appellant exhibited a firearm, a capital felony, that his conviction could not be enhanced under Art. 62, V.A.P.C. Appellant was not charged in the indictment or convicted of the capital offense of robbery with firearms but only for robbery by assault. Appellant could be convicted of the non-capital offense of robbery by assault although the proof showed the use of a firearm in the robbery. 37A Tex. Jur. par. 68, page 56.

Finding the evidence sufficient to support the conviction and no reversible error appearing; the judgment is affirmed.

Opinion approved by the Court.