## CHARLES HENRY SHANNON V. STATE

No. 31,720. June 15, 1960

Second Motion for Rehearing Overruled October 12, 1960

*Ralph L. Bell,* Edinburg, and *B. F. Patterson,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Harry A. Nass, Jr.* and *Roy H. Garwood, Jr.,* Assisitants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Our prior opinion is withdrawn, and the following is substituted in lieu thereof.

The offense is felony theft, with two prior convictons for felonies less than capital alleged for enhancement; the punishment, life.

The witness Pitts, a waiter at the Swank Club in San Antonio, testified that on the night in question he saw appellant

run through the dining room in a stooped position holding something near his belt and a second later Miss Arbuckle, who was assistant manager of the club and who was dead at the time of the trial, came to the door of the office and hollored, "Stop him, he just robbed me * * * ," that he gave chase and followed appellant until he was apprehended in an alley nearby.

Fred Serur, the owner of the club, participated in the chase after appellant, and when he returned to the club ascertained that $120.00 was missing from his change box and the checks which had been in such box were scattered over the floor.

When the officers apprehended appellant in the alley, he dropped a roll of coins on the ground, and from his person was recovered $119.00 in the following denominations: $45.00 in one dollar bills, two tens, three fives, $20.00 in quarters, $6.00 in nickels, and $10.00 in dimes.

Appellant, testifying in his own behalf, admitted the two prior convictions in the State of Illinois, one for robbery in 1935 and one for larceny in 1942, and that he had served such sentences. He further testified that he had been intimate with Miss Arbuckle but had broken off his relationship with her and married another woman, that Miss Arbuckle knew of his criminal record in the State of Illinois and had threatened to "make trouble" for him after his marriage. He stated that he went to the club on the night in question, that Miss Arbuckle invîted him in the manager's office, that an argument between them ensued, after which he left. He stated that he did not hear Miss Arbuckle say that she had been robbed and that he started running after he left the club because he heard someone running behind him. He denied that he had taken any money from the club. Appellant called several witnesses who testified that he frequently carried large sums of money on his person.

Other facts will be stated during the discussion of the many interesting questions advanced by the counsel in brief and in argument.

He first contends that the 1935 robbery conviction was void and could not be used for enhancement because *the sentence* in said cause *assessed* his punishment at "a term of years not to exceed the maximum term as fixed by statute for the crime whereof he stands convicted."

In connection with this and appellant's next contention, we quote from his own testimony on direct examination:

"Q. Mr. Shannon, I'll ask you if you are the Charles Shannon that on the 20th day of May, A. D. 1935, was duly and legally convicted of the offense of robbery in the Criminal Court of Cook County, Illinois, in Cause No. 75746, on the docket of said court, styled The State of Illinois vs. Charles Henry Shannon.   A.   I am the same person."

"Q. Is said conviction final? A. Yes.

"Q. Are you the same Charles Henry Shannon that was convicted of the offense of larceny on the 6th day of April, A. D. 1942, in the Criminal Court of Cook County, Illinois, in Cause No. 42527? A. I am the same person.

\* \* \* \* \* \*

"Q. When did you last get out of prison, sir? A. July 16, 1948."

In view of appellant's testimony, it was not necessary that the state make any further proof of his prior conviction for robbery in 1935. The documents the state offered did not establish that an indefinite punishment was assessed, but only that appellant was sentenced to an indefinite term similar to the indeterminate sentence provided by the laws of Texas.

Reliance is had upon Villarreal v. State, 166 Texas Cr. Rep. 616, 317 S.W. 2d 351, and Morris v. State, 161 Texas Cr. Rep. 648, 280 S.W. 2d 255. Villarreal was an appeal from a judgment assessing accused's punishment at "not more than two years," which we held to be indefinite and uncertain. Morris was an appeal from a driving while intoxicated second offender conviction in which we held that the information charging the prior conviction alleged for enhancement would not supply a valid judgment because it stated no offense. Neither case is here controlling. We here have a final conviction which appellant has served and which for all this record shows is a proper judgment under the laws of Illinois.

He further contends that the 1942 conviction was not available for enhancement purposes because the indictment in such case charged appellant with the offense of robbery while the judgment found him guilty of "Larceny Value of property $60.00 \* \* \* ."

In Massesy v. State, 160 Texas Cr. Rep. 49, 266 S.W. 2d 880,

we quoted from 24 C.J.S., p. 1152, as follows: "It is not necessary that the offense in the foreign state be identical in all its elements with one punishable as a felony in this state, a substantial similarity being sufficient." Theft and larceny are substantially the same offense. State v. Young (Mo.), 133 S. W. 2d 404. No proof was offered as to the laws of the State of Illinois, and the State was not bound to prove the elements of the offense in such state or the requisite pleadings under the laws of such state.

Van Arsdale v. State, 149 Tex. Cr. Rep. 639, 198 S. W. 2d 270, upon which appellant relies, can have no application here because this court was there dealing with Texas statutes which clearly define the offenses involved. Here, we have a conviction for larceny from a foreign state with no means of testing what are the essential elements of such offense.

We cannot say from the Illinois indictment that it would not, as a matter of law, support the judgment *which he says was entered against him in said state and which he further testified that he had served.*

Appellant next contends that the trial court erred in not permitting him to prove before the jury that some six weeks prior to the instant trial he had filed in the Supreme Court of Illinois a petition for a post conviction hearing in which he sought to attack the constitutionality of his 1942 conviction. Volumes could be written on the question, but the simple answer is that the Supreme Court of Illinois had not acted upon such petition and until they did, or until it was shown that it was unconstitutional and void, the 1942 conviction remained a final conviction usable for enhancement under Article 63, V.A.P.C. Christoph v. State, 166 Tex. Cr. Rep. 453, 314 S.W. 2d 840.

It is further urged that the evidence did not support the indictment because it was alleged that the money was taken from the possession of Fred Serur while the evidence showed that Miss Arbuckle had the care, control and custody thereof. Serur testified that he left the club and was gone downtown twenty or thirty minutes and that when he returned he joined in the chase and participated in the final capture of appellant. He stated that in his absence Miss Arbuckle "was in charge to oversee the operation of the club" but that she had no authority to pay any bills without his O. K., and the only authority she had in connection with the money which was stolen was to make change from the box. Recently, in Johnson v. State, 165 Tex. Cr. Rep. 468, 308

S. W. 2d 869, we had almost an identical contention. In that case, Miller, the special owner of the stolen property, was away from the camp for an hour, during which time his employee Matthews was in charge and during which time the motor was stolen. We held that Miller's temporary absence would not make Matthews the special owner.

We next have the contention that the proof showed the offense of robbery and not theft. Appellant overlooks the well established rule that the state may carve out of any transaction whatever crime the facts will support and the accused is in no position to complain. Had Miss Arbuckle lived to testify, the state might have been able to prove robbery with firearms, but they nevertheless had the right to elect to prosecute for felony theft. Martinez v. State, 165 Tex. Cr. Rep. 244, 306 S. W. 2d 131.

Appellant complains because the witnesses were permitted to testify that they found a pistol between the club and where appellant was captured. We think the fact that no witness saw the pistol in appellant's possession went to the weight of the evidence and not its admissibility, and we perceive no error in the bill.

We are not impressed with appellant's final contention that the state failed to show non-consent on the part of Miss Arbuckle. Her outcries were eloquent evidence of non-consent. Serur testified that the money was taken without his consent.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, appellant's motion for rehearing is overruled and the judgment is affirmed.