Henry Lee **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43429.

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

Rehearing Denied March 17, 1971.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault. The punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life.

At the outset we observe that the appellant challenges the sufficiency of the evidence to sustain the conviction.

Edward Lee Dubrul, assistant manager of a Cabell Drive In store in the city of Dallas, testified that on January 9, 1968, at about 8:30 p. m. he was counting the money in the cash registers. At the time Roma Henson was using the store's pay telephone and her brother-in-law, Jerry Henson, was waiting for her. Dubrul related that at this time he saw three colored males outside the store, one of whom entered the store and talked to Jerry Henson. After motioning to Roma, Jerry left the store with her. Dubrul then related he was robbed of approximately $170.00 by the three colored men who had entered the store, one of whom grabbed him around the neck while another held a knife to his stomach. During the course of the robbery he was shot in the back. Dubrul, who testified he was in fear of his life and did not consent to the taking of the money from his care, custody and control, could not identify any of his assailants.

Roma Henson testified she left the store with her brother-in-law and watched the robbery through the glass doors. She identified the appellant as the man who grabbed Dubrul around the neck and who later shot him in the back.

On cross-examination Jerry Henson, a defense witness, testified to substantially the same facts as Roma Henson and identified the appellant as the man who shot Dubrul in the back.

The appellant did not testify but offered several alibi witnesses. Such defensive issue was submitted to the jury and was rejected by their verdict.

We find the evidence sufficient to support the jury's verdict.

■ Nevertheless, appellant still urges the evidence was insufficient since the conviction depended in part upon the testimony of Jerry Henson who had a prior criminal record. After Henson had on cross-examination identified the appellant as noted above, the appellant elicited from him on re-direct examination that he had been convicted of a felony. The court then sustained the State's objection that the appellant was attempting to impeach his own witness. Later out of the jury's presence it was shown that the witness did not know the meaning of "a felony," that he had never been convicted of a felony, and had only been jailed for burglary and released when the police discovered they had the wrong man.

Certainly no error is presented by these circumstances.

Appellant also complains that the prior conviction for unlawfully breaking and entering a motor vehicle with the intent to commit the crime of theft alleged for enhancement could not be used to enhance punishment for robbery by assault under the provisions of Article 62, V.A.P.C., since

738

it was not the same offense or one of the same nature.

By the term "same offense" as used in Article 62, supra, as to repetition of offenses is meant a similar offense, one of the same nature or character. See 1 Branch's Ann.P.C., 2d ed., Sec. 698.

The offense of robbery is but an aggravated form of theft. Dickey v. State, 169 Tex.Cr.R. 576, 336 S.W.2d 165; Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462, cert. den., 364 U.S. 935, 81 S.Ct. 386, 5 L.Ed.2d 369.

In Dickey v. State, supra, it was held that the felony offense of theft by false pretext by means of a worthless check is as a matter of law an offense of like character to the offense of robbery by assault even though the evidence shows that a firearm was used in the robbery.

Felony theft and burglary with the intent to commit theft, robbery by assault and burglary with the intent to commit theft, felony theft and robbery by assault have been held to be offenses of the same nature. Cherry v. State, Tex.Cr.App., 447 S.W.2d 154, 158, and cases there cited. See also Robertson v. State, Tex.Cr.App., 418 S.W.2d 678.

In Cherry v. State, supra, this court held that an offense of breaking and entering a coin-operated machine with the intent to commit theft is an offense of like character to the offense of robbery by assault for the purpose of statute relating to enhancement of punishment upon subsequent conviction for the same offense or one of like nature. See Article 62, supra.

In Benedict v. State, 172 Tex.Cr.R. 570, 361 S.W.2d 373 and in Jones v. State, Tex. Cr.App., 449 S.W.2d 277, this court held that the statute (Article 1404b, V.A.P.C.) proscribing breaking and entering a motor vehicle is to be construed in light of other provisions of the penal code relating to burglary.

We therefore hold that the offense of breaking and entering a motor vehicle with the intent to commit the crime of theft (Article 1404b, supra) is an offense of like character to the offense of robbery by assault. No error is thus presented by appellant's contention.

Lastly, appellant contends the prior conviction for breaking and entering a motor vehicle could not be used for enhancement since it had previously been used for enhancement under the provisions of Article 62, V.A.P.C. He relies upon Tuley v. State, 151 Tex.Cr.R. 442, 208 S.W.2d 366 and Brown v. State, 150 Tex.Cr.R. 386, 196 S.W.2d 819.

The record reflects that when the appellant was convicted of breaking and entering a motor vehicle the indictment in such case also alleged a prior burglary conviction for enhancement. At the time of such trial the enhancement allegation was abandoned by the State and the appellant entered a plea of guilty to the instant offense of breaking and entering a motor vehicle. There is nothing to show that this conviction has ever been used before for enhancement so as to prevent its use in this case.

The judgment is affirmed.