Joseph John SMALLWOOD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43527.

Court of Criminal Appeals of Texas.

March 24, 1971.

Robert M. Jones, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland,

Jr., Edgar A. Mason, Asst. Dist. Attys. Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery with the punishment assessed at 7 years' confinement in the Texas Department of Corrections.

The appellant raises questions concerning the admissibility of extraneous offenses, proof of venue and complains of a comment on the weight of the evidence.

The State's evidence reflects that on the night of July 25, 1968, the complaining witness Thompson was sitting in his automobile near the Lark Club in the city of Dallas with Mrs. H_____. They were drinking beer and supposedly waiting for Mrs. H_____'s husband. At this point the appellant in company with one "Willie" approached Thompson's car and forced entry at gunpoint. Thereafter the two men took money from Thompson and Mrs. H_____ and ordered Thompson to drive and to follow directions. On the Central Expressway in Dallas County the appellant also took Thompson's watch.

Subsequently the appellant commenced to drive the automobile to a deserted spot on a dirt road in Ellis County where he and Willie both raped Mrs. H_____.

Later Thompson and Mrs. H_____ were released near a highway. The appellant and his companion then departed in Thompson's car. The law enforcement officers were immediately contacted.

Testifying in his own behalf appellant admitted being with a man named Willie on the date in question. He related Thompson owed Willie a debt for narcotics and that Thompson became scared and gave Willie his automobile and other property to satisfy the debt and further persuaded Mrs. H_____ to have intercourse

with him and Willie. He acknowledged he was arrested several days later driving Thompson's car on which the license plates had been changed.

■ At the outset appellant contends the evidence relating to the rape should not have been admitted since it was an extraneous transaction committed in a different county. In Ellison v. State, Tex. Cr.App., 419 S.W.2d 849 (reversed on other grounds, 392 U.S. 649, 88 S.Ct. 2290, 20 L.Ed.2d 1350) this court was confronted with a similar situation. There this court said:

"The three offenses [robbery, kidnapping and rape] were committed by a continuous assault and were so interwoven as to be part of the same transaction. The evidence sought to be excluded was admissible under the so called res gestae rule. Kerrigan v. State, 167 Tex.Cr.R. 601, 321 S.W.2d 884 and cases cited." See also Walker v. State, Tex.Cr.App., 454 S.W.2d 415; Jefferson v. State, Tex.Cr.App., 452 S.W.2d 462.

In 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 618, it is written that "[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." See also 23 Tex.Jur.2d, Sec. 196, p. 302; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601.

■ Likewise, we find no merit in appellant's contention that reversible error was committed when the State was permitted to ask Dallas Police Officer Sims if he had conducted "an investigation regarding a rape and robbery case that was charged against this man?" After an affirmative answer the appellant's objection was sustained, but the mistrial motion was denied. Thereafter the prosecuting attorney requested the court to instruct the jury to disregard the question asked and the court did so.

Next, appellant urges the State failed to prove venue in Dallas County. The rob-

bery indictment charged that in Dallas County the appellant took "from the person and possession and without the consent and against the will of the said Joseph Thompson one automobile, one watch, fourteen and no/100 ($14.00) dollars current money of the United States of America. * * *"

 The undisputed testimony shows the money and watch were taken from the complaining witness in Dallas County. If it be appellant's contention that the automobile was not finally taken until the parties were in Ellis County, it should be remembered that "[i]n a robbery it is not necessary to prove that all the property alleged was taken, and proof of the taking of any part thereof is sufficient in that regard." 5 Branch's Ann.P.C., 2d ed., Sec. 2589, p. 23.

Appellant also complains the court erred in commenting on the weight of the evidence. The matter arose in this manner. The record reflects that the complaining witness was somewhat nervous throughout his testimony. After two separate objections that his answers were not responsive to the questions the court stated to the witness:

"Listen to the question, then when you answer the question then shut up, see, then wait for the next question.

"You see * * *

"THE WITNESS: I am very afraid, your Honor, that this has really upset me.

"THE COURT: I know, I am sure you are.

"THE WITNESS: Every time I think about it.

"THE COURT: But we must, you know, listen to the questions.

"THE WITNESS: Right."

 There was no objection or request for a jury instruction or a mistrial. The statement "I know, I am sure you are," was merely an attempt to calm a nervous witness and prevent unresponsive answers. It was not, in our opinion, a comment on the weight of the evidence.

Further, in Byrd v. State, Tex.Cr.App., 421 S.W.2d 915, it was held that a comment by the court not reasonably calculated to prejudice the rights of the appellant is not ground for reversal.

Appellant's three remaining grounds of error are admittedly unsupported by the record and are without merit.

The judgment is affirmed.