Reginald Lee KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 49129.

Court of Criminal Appeals of Texas.

Feb. 12, 1975.

Harry Louis Zimmermann (On appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., and Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant was convicted of the offense of robbery by assault, and punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at imprisonment for life. The sole contention on appeal is that forgery, the prior conviction with which the sentence was enhanced, is not and was not proved to be an offense "of the same nature" as robbery by assault.

Article 62, V.A.P.C., provides:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

The appellant contends, relying on Schmeideberg v. State, 415 S.W.2d 425 (Tex.Cr.App.1967); Culver v. State, 487 S.W.2d 66 (Tex.Cr.App.1972), and Stewart v. State, 476 S.W.2d 677 (Tex.Cr.App. 1972), that the State must introduce evidence specifying the type of forgery for which the appellant was convicted. In Schmeideberg v. State, supra, and the other cases, the State attempted to enhance convictions for robbery by assault by using convictions recited in the judgments and sentences introduced into evidence as merely "burglary." Since burglary may be committed with the intent to commit any felony, Articles 1389, 1390, 1391, V.A.P.C., the Court held that only burglary with the intent to commit theft is of the same nature as robbery. See also Davis v. State, 321 S.W.2d 873 (Tex.Cr.App.1959); Johnson v. State, 463 S.W.2d 736 (Tex.Cr.App.

1971). Without the indictments or other evidence of the type of burglary for which the defendant had been convicted, an allegation of only burglary will not suffice to show the offenses were of the same nature.

Here the State offered certified copies of the judgment and sentence reciting only "forgery, as charged in the indictment." The indictment was not included in the evidence. The appellant claims that while forgery under Articles 979 and 981, V.A.P.C., requires "intent to injure or defraud," forgery of a will under Article 980, V.A.P.C., does not specifically have such a requirement, and thus it is not the same nature as robbery by assault and may not be used to enhance this conviction. The appellant does not claim to have been convicted of forgery of a will, but only that the State did not prove that he was not.

■ However, Article 985, V.A.P.C., referring to all preceding forgery articles, provides:

"The false making or alteration, to constitute forgery, must be done with intent to injure or defraud, and the injury must be such as affects one pecuniarily, or in relation to his property."

Also, it has been held that, without distinction, the gravamen of forgery offenses is the intent to injure or defraud. Jones v. State, 470 S.W.2d 874 (Tex.Cr.App.1971); Fry v. State, 86 Tex.Cr.R. 73, 215 S.W. 560 (1919). Thus, the appellant's theory is incorrect; no more specificity is required in forgery cases than here used.

■ We have been unable to find any case from this Court where it has specifically been held that a forgery conviction is of the same nature as robbery by assault for the purposes of Article 62, V.A.P.C. However, an examination of the cases will show that that must be true. The appellant cites Washington v. State, 167 Tex. Cr.R. 218, 319 S.W.2d 106 (1958), which relies on Brown v. State, 140 Tex.Cr.R. 133, 143 S.W.2d 775 (1940), to hold that

burglary and passing a forged instrument are not offenses of the same nature. However, in Sharpe v. State, 490 S.W.2d 834 (Tex.Cr.App.1973), it was pointed out that those cases were prior to Schmeideberg v. State, supra, and since burglary, not burglary *with the intent to commit theft*, was there alleged, proof of the concomitant intent was required before that offense could be used to enhance those convictions. Also in Sharpe v. State, supra, the offenses of burglary with the intent to commit theft and unlawfully passing as true a forged instrument were shown to be of the same nature by reasoning by analogy from other cases. The same may be done here. Forgery has been held to be of the same nature as felony theft. Jones v. State, supra. Further, robbery by assault has been characterized as both substantially the same offense as felony theft, Kanaziz v. State, 382 S.W.2d 485 (Tex.Cr.App.1964), and merely an aggravated form of theft. Johnson v. State, 463 S.W.2d 736 (Tex.Cr.App.1971); Dickey v. State, 169 Tex.Cr.R. 576, 336 S.W.2d 165 (1960). In Dickey v. State, supra, the defendant was convicted of robbery by assault, and the State attempted to enhance the punishment by using a judgment and sentence reciting a conviction for "theft, a felony." The defendant contended that certain kinds of theft would not be of the same nature as robbery. However, the Court said that "(w)hether the prior conviction be for ordinary theft or theft by false pretext by the giving of a worthless check . . . the offenses are of like character" since "robbery is but an aggravated form of theft." These holdings dictate that the offense of forgery is of a sufficiently similar nature to the offense of robbery by assault to invoke the provisions of Article 62, V.A.P.C.

■ However, regardless of the syllogism used, the test remains that the gist of the two offenses be similar. Flores v. State, 145 Tex.Cr.R. 134, 166 S.W.2d 706 (1942). Here the basis of the two offenses is the fraudulent acquisition of property

belonging to another. See, Ex parte Schellinger, 158 Tex.Cr.R. 438, 256 S.W.2d 577 (1953). In Warner v. State, 118 Tex. Cr.R. 351, 42 S.W.2d 616 (1931) it was said:

". . . the subsequent taking from another of his property without his consent, in any of the ways forbidden by statute, might be deemed so similar or identical to justify pleading and proof of a prior conviction for such taking in any of the ways made penal."

Therefore, we hold that the offense of forgery is of the same nature as, and may be used to enhance the punishment for, a conviction for robbery by assault.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.