Dennis Leroy **HIGNITE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49861.

Court of Criminal Appeals of Texas.

April 30, 1975.

Jim G. Bray, Jr., Plano, for appellant.

Tom O'Connell, Dist. Atty., Elliott Knott, Bill Jouette and Verla Sue Holland, Asst. Dist. Attys., McKinney, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction under the former Penal Code for robbery by assault with a firearm, wherein the punishment was assessed by the jury at life imprisonment.

The sole contention on appeal is that the court erred in failing to grant his motion for instructed verdict at the conclusion of the State's case since the undisputed evidence showed that the alleged offense occurred in Dallas County, not in Collin County, as charged.

The indictment alleged that the appellant had taken from John W. K. Simon "a 1959 Chrysler automobile, the same being the property of the said John W. K. Simon, and with the intent then and there to deprive the said John W. K. Simon of the value of the same and to appropriate the same to the use of him, the said Dennis Leroy Hignite."

Simon testified that he lived in Richardson, and on the night of December 25, 1973, he had gone to a small youth church known as Shepherd's Bush. He left the church near midnight and was returning to his home in Richardson driving his Chrysler automobile north on North Central Expressway, Highway 75, when he saw two hitchhikers between the S.M.U. campus and North Park Shopping Center. He stopped to give them a ride when one of the hitchhikers, the appellant Hignite, opened the passenger side of the car and stuck a gun "right in." Simon related he took his hands off the wheel and said, "O. k., I'm scared." Appellant then ordered Simon away from the wheel and instructed his companion, Stephen Horner, to get in the driver's seat. Simon testified that the appellant noticed the broken gas gauge registered "empty" and instructed Horner "to get off on Forest" and go west on "LBJ," where they found a Texaco service station and purchased gas using some mon-

ey taken from Simon's wallet and some of their own. All during this time appellant held a gun on Simon. They later returned to Highway 75 and continued in a northerly direction, stopping briefly in Plano, at which time Horner displayed a pistol to Simon. Another stop was made in the vicinity of McKinney, at which time Simon was asked if he wanted "to die slow or fast." They returned to Highway 75 and drove just north of McKinney and again made an exit off the highway. Simon was ordered out of the car and to walk. As he started to walk "back toward Dallas," the appellant shot him in the back and again in the leg after he was on the ground. A third shot missed. Appellant and his companion then fled in the Chrysler. The badly wounded Simon was able to make his way to a residence. Law enforcement officers were summoned and Simon gave a description of his car, its license number and a description of his assailants. They were spotted by a law enforcement officer in Collin County, and as they headed south on Highway 75 a roadblock was set up and appellant and Horner were apprehended and disarmed in Collin County.

> "The venue in a robbery prosecution must be proved as alleged in the indictment. To sustain the allegation, however, the state need only prove that, by reason of the facts, the county where the prosecution is carried on has jurisdiction." 50 Tex.Jur.2d Rev., Robbery, Sec. 41 (Venue), p. 201.

 It is well established that venue in a criminal case need not be proven beyond a reasonable doubt but only by a preponderance of the evidence. Article 13.17, Vernon's Ann.C.C.P. (as amended 1973); Esquivel v. State, 506 S.W.2d 613 (Tex. Cr.App.1974); Edwards v. State, 427 S.

W.2d 629 (Tex.Cr.App.1968). Venue is sufficiently proven if from the evidence the offense was committed in the county alleged. Harden v. State, 417 S.W.2d 170 (Tex.Cr.App.1967); Edwards v. State, supra.

Upon the question of venue raised, appellant relies upon Article 13.18, Vernon's Ann.C.C.P., which provides:

> "If venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed."

In addition he cites Etzler v. State, 143 Tex.Cr.R. 327, 158 S.W.2d 495 (1942), and Busby v. State, 143 Tex.Cr.R. 72, 157 S. W.2d 394 (1942).

*Busby* involved a complaining witness who picked up two hitchhikers and, while traveling in Williamson County, Busby's companion produced a pistol and ordered the complaining witness to turn the car over to them. The witness got out from under the wheel, and the defendant then began to drive, and the two robbers turned around "and came back to Travis County." It is not clear from the opinion where the complaining witness picked up the hitchhikers or whether he remained in the car after he got out from under the wheel.[1] Nevertheless, the court held that in view of the witness' undisputed testimony that the offense occurred in Williamson County, venue was properly laid in that county.

In *Etzler* the defendant, posing as a prospective buyer of a used car, asked the salesman in Tahoka, Lynn County, for a demonstration of a car and, after driving seven or eight blocks, pulled a pistol, ordered the salesman to get a suitcase under a bush and place it in the car. The salesman was commanded to reenter the car,

---

1. An examination of the record reflects that the complaining witness picked up the defendant and his companion in Travis County while on his way home to Taylor and that after the twosome had taken possession of the car in Williamson County, they drove back to Travis County. The complaining witness remained in the car, but after reaching Travis County was forced from the car and his money was taken from him. He was tied and left, but soon untied himself and summoned law enforcement officers. The automobile was later recovered in Indiana.

and the appellant then drove to Lubbock in another county before releasing the salesman, telling him the car could be recovered the next morning in Big Spring. In *Etzler* the court held that the robbery took place in the county where the defendant took possession and control of the automobile, and not in the county where the defendant made the salesman get out of the car. The court in *Etzler* observed that if the appellant had abandoned the car before he was apprehended, then the issue of whether or not he intended to permanently appropriate it would have been raised, but he did not do so.[2]

The State urges that *Etzler* should be read as approving the fact that venue was properly laid in Lynn County, but not condemning the possible prosecution in Lubbock County.

The State takes the position that the evidence is unclear as to in what county the complaining witness picked up the hitchhikers, but the evidence clearly shows that the complaining witness was forced out of the car and shot in Collin County, and thereafter the appellant fled in the car and then permanently appropriated the car to his own use and benefit, and he was subsequently apprehended in the car in Collin County.

We do observe that Article 13.19, Vernon's Ann.C.C.P., provides that:

"If an offense has been committed within the state and it cannot readily be

determined within which county or counties the commission took place, trial may be held in the county in which the defendant resides, in the county in which he is apprehended, or in the county to which he is extradited."

The State further urges that robbery is but an aggravated form of theft. Thomas v. State, 168 Tex.Cr.R. 225, 324 S.W.2d 869 (1959); Dickey v. State, 169 Tex.Cr.R. 576, 336 S.W.2d 165 (1960); Johnson v. State, 463 S.W.2d 736, 738 (Tex.Cr. App.1971). See and compare Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462 (1960). And felony theft and robbery by assault have long been held to be offenses of like character. Ex parte Romines, 419 S.W.2d 358 (Tex.Cr.App. 1967); Cherry v. State, 447 S.W.2d 154, 158 (Tex.Cr.App.1969), and cases there cited.

Article 13.08, Vernon's Ann.C.C.P., provides that:

"Where property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same."

In Wallace v. State, 458 S.W.2d 67 (Tex.Cr.App.1970), this court on rehearing

---

2. We note that in Smallwood v. State, 464 S.W.2d 846 (Tex.Cr.App.1971), the defendant's contention was exactly opposite that of the appellant in the instant case. The robbery indictment in *Smallwood* alleged the defendant took one automobile, one watch and $14.00 in money from the complaining witness in Dallas County. The evidence showed that the defendant forced his way into the complaining witness' car in Dallas County and ordered the witness to drive to the Central Expressway, where he took the witness' watch and money, as well as money from the witness' female companion. The defendant then drove into Ellis County, where he and his companion raped the female and then departed in the car. On appeal he contended that venue was not proved in Dallas County because the automobile was not finally taken until the parties were in Ellis County. In *Smallwood* the court, without reaching the question here involved, held that in a robbery all the property alleged taken need not be proven, and proof of the taking of a part is sufficient. The court concluded that evidence showing the taking of the watch and money was in Dallas County, and venue was properly laid. *Etzler* was not mentioned or cited.

held that where the robbery was a continuing offense which lasted for hours, testimony of the owner of the vacant house in which the victim was found that the house was in the forum county, and by the sheriff that both the house and a gas station where the robbers and victim stopped for gas were in the forum county was sufficient to show the continuing offense was committed in the forum county and the venue was laid in that county.

In the instant case, if it can be validly argued that it is not clear just where the offense commenced or was completed, then venue was properly laid under the provisions of Article 13.19, supra, since it is undisputed that the appellant was apprehended in Collin County. If, on the other hand, it can be argued that the evidence is sufficient to show that the offense commenced and was completed in Dallas County, venue was still properly laid in Collin County in view of the provisions of Article 13.08, Vernon's Ann.C.C.P. As we view the provisions of that statute, it is not limited to theft cases, but if the property is stolen by other unlawful means, such as robbery, the statute would have application and authorize venue in either Dallas County or Collin County where the property was removed. Still further, it appears that the robbery alleged (the taking of the Chrysler automobile) was a continuing offense over a period of time, and venue was properly laid in Collin County, where the complaining witness was finally forced from his car and shot, and where the appellant was apprehended. See Wallace v. State, supra.

*Etzler* and *Busby* appear to have been properly decided, but to the extent they infer venue could not have been properly laid in another county they are overruled to the extent of any conflict with this decision.

The judgment is affirmed.