Randle Ross WATSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 50912.

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

Rehearing Denied March 3, 1976.

---

**620**

Barbara C. Crampton and Robert G. Estrada, Wichita Falls, for appellant.

Timothy Eyssen, Dist. Atty. and James B. Ammons, Asst. Dist. Atty., Wichita Falls, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for robbery. The punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.42, by the allegations and proof of a prior felony conviction for the sale of heroin, was assessed at forty (40) years.

■ At the outset, we shall consider the request of appellant's counsel that we consider as unassigned error "in the interest of justice" the indictment is fundamentally defective. Appellant contends that the failure to allege in the first paragraph of the indictment the ownership of the property taken in the robbery renders the indictment void. Reliance is had upon *Bouie v. State*, 528 S.W.2d 587 (Tex.Cr.App.1975), and *Lucero v. State*, 502 S.W.2d 128 (Tex.Cr. App.1973). This reliance is misplaced as those cases dealt with robbery indictments drafted under the former Penal Code. Only recently we have held, however, that the failure of a robbery indictment drafted under the new and present Penal Code to allege to whom the property or money taken belonged did not render the indictment defective. See *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App. delivered Jan. 21, 1976).

Appellant's contention is without merit.

Appellant also complains that the court erred in refusing to strike the enhancement paragraph of the indictment and later in charging the jury on enhanced punishment under V.T.C.A. Penal Code, Sec. 12.42.

We have read the argument advanced with great care in an attempt to understand appellant's precise contention. It appears to be appellant's contention that said Sec. 12.42 (Penalties for Repeat and Habitual Felony Offenders) is a general statute on enhancement and must yield to special statutes on enhancement involving the subject matter in controversy. *Edwards v. State*, 166 Tex.Cr.R. 301, 313 S.W.2d 618 (1958), is cited in support thereof. In *Edwards* the

court held that the statute dealing with subsequent offense of driving while intoxicated under the former Penal Code was a special statute which alone governed the punishment to be assessed in such cases and the general repetition of offenses statutes (Articles 61–63, Vernon's Ann.C.C.P., 1925) were not applicable to prosecution under the special statute. Likewise, in *Granado v. State,* 168 Tex.Cr.R. 525, 329 S.W.2d 864 (1959), it was held the Uniform Narcotic Drug Act (Article 725b, Vernon's Ann.P.C.) was a special statute and that Article 63, Vernon's Ann.P.C., a general statute, must yield to the special statute which provided penalties for second or subsequent offenses under the special statute. See also *Willeford v. State,* 454 S.W.2d 745 (Tex.Cr.App. 1970); *Heredia v. State,* 468 S.W.2d 333 (Tex.Cr.App.1971); *Bell v. State,* 504 S.W.2d 498 (Tex.Cr.App.1974); *Aranda v. State,* 506 S.W.2d 221 (Tex.Cr.App.1974); Ex parte Giacona, 518 S.W.2d 832 (Tex.Cr. App.1975).

Appellant further argues that V.T.C.A. Penal Code, Sec. 1.05, provides that "the rule that a penal statute is to be strictly construed does not apply to this code" and that such statute must be contrasted with the earlier decisional law that the general enhancement statutes under the former Code should be strictly construed. See 16 Tex.Jur.2d, Criminal Law, Section 404; *Garcia v. State,* 145 S.W.2d 180 (Tex.Cr. App.1940). Appellant further argues that Article 37.09, Vernon's Ann.C.C.P., was amended in 1973 to "conform" to the new Penal Code and was changed from a specific statute entitled "Offenses Consisting of Degrees" to a general statute entitled "Lesser Included Offense," and that his contention must be viewed in light of this amendment.

With this argument as background, appellant further argues that while robbery and theft are found in different chapters, it has long been established that robbery is only an aggravated form of theft; [1] that V.T.C.A. Penal Code, Sec. 31.03, creates a single new offense, which in general terms encompasses all acquisitive conduct previously made unlawful in several separate statutes (See V.T.C.A. Penal Code, Sec. 31.-02, Consolidation of Theft Offenses); that the term "single offense" as used in said Sec. 31.02 with reference to the offense defined in said Sec. 31.03 was meant by the Legislature to refer to the same "theft" mentioned in V.T.C.A. Penal Code, Sec. 29.-02, defining "robbery," wherein it is stated in part, "[I]f, in the course of committing theft as defined in Chapter 31 of this Code . . . "; that the theft offense has its own special enhancement provisions, that theft may be enhanced depending on the value of property, the type of property and repetition of offenses. See generally V.T. C.A. Penal Code, Secs. 31.03, 31.04, 31.05, 31.07. Appellant likewise points out that robbery as defined by V.T.C.A. Penal Code, Sec. 29.02, is a felony of the second degree and that if a person commits such a robbery and (1) causes serious bodily injury to another or (2) uses or exhibits a deadly weapon, the offense becomes aggravated robbery and is a felony of the first degree carrying an enhanced penalty. See V.T.C.A. Penal Code, Sec. 29.03. Appellant argues that this is a special enhancement statute relating to robbery and it controls over said Sec. 12.42. We cannot agree.

First, we observe that V.T.C.A. Penal Code, Sec. 31.02, (Consolidation of Theft Offenses) reads:

"Theft as defined in Section 31.03 of this code constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled proper-

---

1. See *Dickey v. State,* 169 Tex.Cr.R. 576, 336 S.W.2d 165 (1960); 50 Tex.Jur.2d, Robbery, Sec. 2, p. 162.

ty, and receiving or concealing stolen property."

It is clear from the express statement in the statute that robbery was not included in the consolidation of "theft" offenses.

Further, while it has been held under the former Penal Code that robbery is an aggravated form of theft, *Dickey v. State,* 169 Tex.Cr.R. 576, 336 S.W.2d 165 (1960), there have always been some distinguishing features between theft and robbery. See 50 Tex.Jur.2d, Robbery, Sec. 2, p. 162. Under the new Penal Code, there are still distinguishing features. Only recently in *Reese v. State,* supra, we took note of *Earl v. State,* 514 S.W.2d 273 (Tex.Cr.App.1974), where we said that "the actual commission of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same." See also *Watts v. State,* 516 S.W.2d 414 (Tex.Cr.App.1974). This is so because the statute defining robbery (V.T.C.A. Penal Code, Sec. 29.02) used the term "in the course of committing theft." That phrase as defined in V.T.C.A. Penal Code, Sec. 29.01, "means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft."

■ It is clear that under the new Penal Code there is no requirement that in every robbery case there must be a fraudulent taking of property as an essential element of the case as was required under the former Code. See Article 1408, Vernon's Ann. P.C., 1925.

Further, we observed in *Reese* that in robbery, unlike theft, "if the owner parts with his property because of an assault, fear or violence his consent or want of consent is irrelevant  . . . ."

In addition to the distinguishing features between the two offenses, the provisions of V.T.C.A. Penal Code, Secs. 29.02 and 29.03,

defining robbery (a second degree felony) and aggravated robbery are somewhat similar to the provisions of Article 1408, Vernon's Ann.P.C., 1925, defining robbery, a non-capital offense, and prescribing penalties and further providing that when a firearm or other deadly weapon is used the offense becomes a capital offense. While a capital offense had to be enhanced under Article 64, Vernon's Ann.P.C., and could not be used in connection with Articles 62 and 63, Vernon's Ann.P.C. (non-capital offenses), and while a non-capital offense had to be enhanced under these latter statutes and not under Article 64, Vernon's Ann. P.C., we know of no case under the old Code which held that because of the aggravation of penalty by the use of a firearm or other deadly weapon the provision of the statute was such a special enhancement provision that the conviction of ordinary robbery could not be enhanced under Articles 62 and 63, supra, or that a conviction for robbery by firearms could not be enhanced under Article 64, supra. See and cf. *Rinehart v. State,* 463 S.W.2d 216 (Tex.Cr.App.1971); *Johnson v. State,* 463 S.W.2d 736 (Tex.Cr. App.1971); *Bradley v. State,* 456 S.W.2d 923 (Tex.Cr.App.1970).

■ Likewise, we hold that punishment for robbery or aggravated robbery may be enhanced under the provisions of said Sec. 12.42, supra, a general statute, and is not governed by any special enhancement provision.[2]

The sufficiency of the evidence is not challenged. It will be necessary to state the facts briefly in order to properly appraise the next grounds of error.

On August 14, 1974, about 5:45 p. m., it was shown the appellant entered Wheeler's Phillips 66 service station located in Wichita Falls and told the attendant, Dale Blain, to give him "all the money." Blain was told

2. The question of whether V.T.C.A. Penal Code, Sec. 31.03(d)(2)(B) and (d)(4)(C), would be special enhancement provisions controlling in *theft* cases over any general

provisions in the Penal Code is not here involved and we do not pass on that question at this time.

to lie on the floor of the station with his head turned the other way and that appellant "wasn't going to fool with him." He told Blain, "I'll kill you twenty to twenty-five years from now if you don't keep your head turned the other way." The appellant then took approximately $150 out of the drawer.

A customer, David Pennycuff, drove up to the station during the course of the robbery. The appellant went out pretending to be the attendant. Blain then stepped outside and stated, "I've been robbed." The appellant then grabbed the customer's $10 bill out of the customer's hand and fled from the station. The customer Pennycuff followed the appellant and saw him standing on a corner about one block from the station. He immediately returned to the station and met a police officer and gave a description of the appellant. Pennycuff followed the officer at his direction and four or five blocks later the officer stopped where the appellant had been arrested by another officer while riding in a car in which the appellant had hitched a ride. The money was recovered and Pennycuff identified the appellant.

Appellant complains of the admission of hearsay statements made by Pennycuff to the officer upon his return to the station from following the appellant and which concerned appellant's description. He further complains of Pennycuff's statements in identifying him at the scene of the arrest.

■ We have previously held that a description of the offender given by the victim of a crime to police officers immediately after a crime is admissible as a res gestae statement. See *Pilcher v. State,* 503 S.W.2d 547 (Tex.Cr.App.1974), and *Ricondo v. State,* 475 S.W.2d 793 (Tex.Cr.App.1971). After the appellant grabbed the $10 bill from the witness Pennycuff, he was followed by Pennycuff, who observed him standing on a corner one block away. Pennycuff gave his statement to officers immediately upon his return to the station. The description of appellant so given was admissible.

Pennycuff then followed the officer four or five blocks where appellant had been arrested. There Pennycuff identified the appellant as the man he had seen in the service station by saying "Yes" when the officer asked if appellant was the man who had taken Pennycuff's money. The statement was made within five or ten minutes of the robbery offense following an exciting event, a chase, etc. The statement was admissible as res gestae of the arrest. See Article 38.22, Vernon's Ann.C.C.P. See also *Steele v. State,* 496 S.W.2d 66 (Tex.Cr.App. 1973); *Solis v. State,* 492 S.W.2d 561 (Tex. Cr.App.1973); *Norwood v. State,* 486 S.W.2d 776 (Tex.Cr.App.1972); *Tezeno v. State,* 484 S.W.2d 374 (Tex.Cr.App.1972); *Evans v. State,* 480 S.W.2d 387 (Tex.Cr. App.1972).

Appellant further complains of the court's action in overruling a mistrial motion after two police officer witnesses made unresponsive answers referring to an "armed robbery." The contention is based on the fact that the evidence did not show the appellant was armed at the time of the robbery. The mistrial motion to which appellant calls attention was made when the second officer, Dan Best, was testifying on direct examination. Best was asked if while on duty on the date in question anything unusual occurred. The record then reflects:

"A. Yes, sir, it did.

"Q. Would you tell the Jury what that was?

"A. I was advised of an armed robbery that had just occurred."

Counsel objected to the use of "armed robbery," and the court instructed the jury to disregard the remark, but overruled the mistrial motion.

An examination of the record reflects that earlier when Officer Horton was testifying he related he was on duty "when an armed robbery occurred." The next question by the prosecutor referred to Horton

receiving information about an armed robbery. To such testimony and question there was no objection. Subsequently, Horton, in describing his actions in stopping a vehicle, stated he saw a subject in the back seat "who fit the description of the suspect that was given out on the armed robbery." The objection offered was stated to be based on an earlier objection, and appellant now candidly admits that the trial court could have been misled as to the nature of the objection. Still later, on cross-examination Horton made reference to "an armed robbery." The objection to such phrase was sustained, and the jury was instructed to disregard the statement. The mistrial motion then made was overruled.

It is noted that neither officer purported to be an eyewitness to the actual robbery, but only indicated the reason they were investigating. The record does not reflect that appellant was armed at the time of the offense. He was charged with robbery under V.T.C.A. Penal Code, Sec. 29.02, and not aggravated robbery under V.T.C.A. Penal Code, Sec. 29.03, and it was the robbery charge that was submitted to the jury.

 Further, there was no objection to the first two references to "armed robbery." It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were shown by facts to which no objection was addressed. *Hayles v. State,* 507 S.W.2d 213 (Tex.Cr.App.1974); *White v. State,* 486 S.W.2d 377 (Tex.Cr.App.1972); *Merx v. State,* 450 S.W.2d 658 (Tex.Cr.App.1970).

As appellant's counsel candidly admits, the objection to another reference was not sufficient to bring to the trial court's attention the error now complained of on appeal. Nothing is presented for review as to that reference. *Campbell v. State,* 521 S.W.2d 636 (Tex.Cr.App.1975); *Wood v. State,* 511 S.W.2d 37 (Tex.Cr.App.1974); *Ex parte Bagley,* 509 S.W.2d 332 (Tex.Cr.App.1974).

On the other two occasions, the court sustained the objection and instructed the jury to disregard. It is well established that a jury instruction to disregard a statement or remark will ordinarily cure the error, if any. *Brown v. State,* 516 S.W.2d 145 (Tex.Cr.App.1974); *Zanders v. State,* 515 S.W.2d 907 (Tex.Cr.App.1974); *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974).

We conclude that the court did not err in denying either one of the mistrial motions made after the objection was sustained and a jury instruction given.

The judgment is affirmed.