Bobby Marino COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–96–00118–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 28, 1997.

Decided April 29, 1997.

---

Michael B. Lewis, Longview, for appellant.

C. Patrice Savage, Assistant District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Bobby Marino Coleman pleaded guilty to theft of property valued less than $1,500.00. TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.1997). The indictment alleged as enhancements three prior convictions or misdemeanor theft, together with prior convictions for aggravated robbery and possession of a controlled substance. The trial court set Coleman's punishment at twenty years' confinement.

Coleman contends that the trial court should have granted his motion to dismiss the indictment because the robbery conviction could not be used to enhance his punishment, since robbery is merely an aggravated form of theft.

TEX. PENAL CODE ANN. § 31.03(e)(4)(D) provides that "an offense under this section is ... a state jail felony if ... the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of *any grade of theft*" (emphasis added).

Coleman contends that robbery is a grade of theft, so his conviction should not have been enhanced under TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp.1997), but should have been enhanced under the state jail felony law. We disagree.

 First, Coleman's complaint to the trial court was different from his complaint in this court. Thus, he has waived his contention on appeal.

Second, aggravated robbery is not merely an aggravated form of theft. It is an entirely different offense from theft. *Watson v. State*, 532 S.W.2d 619 (Tex.Crim.App. 1976); *Lackey v. State*, 881 S.W.2d 418 (Tex. App.-Dallas 1994, pet. ref'd); *see also Gant v. State*, 606 S.W.2d 867 (Tex.Crim.App.1980).

Coleman relies on *Johnson v. State*, 463 S.W.2d 736 (Tex.Crim.App.1971), but that case is not in point. There, the court held that robbery and "breaking and entering with the intent to commit theft" were similar offenses. Breaking and entering is not theft, but is a form of burglary. Moreover, *Johnson* was decided before the enactment of the state jail felony law and its special enhancement provisions.

The judgment is affirmed.