EUGENE H. MICHOT v. THE STATE.

No. 13428. Delivered February 4, 1931.
State's Rehearing Denied March 11, 1931.

The opinion states the case.

*Sid B. Malone,* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

110

CALHOUN, JUDGE.—Appellant was convicted in the District Court of Live Oak County as an accomplice to the offense of fence cutting and his punishment assessed at imprisonment in the penitentiary for one year.

The appellant complains of the sufficiency of the second count of the indictment under which the jury found him guilty. The first count of the indictment charged this appellant and one Oscar Johnson jointly as principals with the offense specified in article 1353, P. C., that is the offense of wilfully and wantonly cutting, injuring and destroying a fence with the intent to injure the owner thereof. The second count purported to charge this appellant singly as an accomplice to the commission by Oscar Johnson as principal of the offense charged in the first count, the elements of this second count being that appellant unlawfully and wilfully promised the said Oscar Johnson a reward to secure the commission of the offense by the said Oscar Johnson. The third count purported to so charge this appellant as such accomplice, the elements in this last count being the advising, commanding and encouraging of said principal to commit the offense charged in the first count. The court submitted to the jury all three counts.

The second count in the indictment under which the jury found the appellant guilty reads as follows:

"And the Grand Jurors aforesaid, upon their oaths aforesaid in and to said court do further present that Eugene H. Michot on or about the 17th day of June, 1929, prior to the commission of said offense by the said Oscar Johnson as aforesaid in the County and State aforesaid, did unlawfully and wilfully promise the said Oscar Johnson a reward, favor and inducement, to-wit: Did promise the said Oscar Johnson the sum of Ten Dollars in order to secure the commission of said offense by the said Oscar Johnson, the said Eugene H. Michot not being present at the commission of said offense by the said Oscar Johnson."

The appellant contends that said second count is fatally defective in this: That though it purports to charge the offense of an accomplice to the offense created by article 1353, P. C., still said count neither includes nor charges the essential elements constituting the main offense denounced by said article, nor does said count charge the commision of said main offense by the principal, but merely assumes the commisison of the offense by the principal, Oscar Johnson.

This contention we think is correct. The second count of the indictment fails to charge the principal with the crime. A valid indictment should charge the principal with the crime and then the accomplice with the statutory act constituting him an accomplice. This the second count in the indictment fails to do and is therefore fatally defective. Poston v. State, 12 Texas App., 408; Rix v. State, 33 Texas Crim. Rep., 353, 26 S. W., 505; Smith v. State, 21 Texas App., 107, 17 S. W., 552.

The jury having found the appellant guilty under the second count alone, we presume that they intended to acquit him on the other two counts.

Because of the fatal defect in the count under which he was convicted, the judgment is reversed and cause dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state files a motion for rehearing in which .it is urged that we were in error in that part of our opinion regarding the indictment attempting to charge appellant as an accomplice in the *second* count. It is urged that what is said to be a second count should be regarded as a second paragraph of the first count. We think the construction thus insisted on would be entirely illogical. It can scarcely be imagined that the pleader would in the first paragraph charge appellant with being a joint principal with Johnson in cutting the fence; and *in a second paragraph of the same count have also attempted to charge appellant with being an accomplice to himself as a principal.*

The motion for rehearing is overruled.

*Overruled.*