## PAUL TOMLIN V. STATE.

No. 24504. November 16, 1949.

*John M. Harrod,* of San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted in the criminal district court of Bexar County as an accomplice to the offense of robbery, alleged to have been committed by Jimmy McElreath; and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Appellant's first complaint is that the indictment is insufficient to charge the offense of robbery under Art. 1408, P. C., since it fails to charge that the accused took the property from

the alleged injured party with the intent to appropriate it to his own use and benefit. Art. 1408, P. C., provides as follows:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

The offense of robbery is an aggravated form of theft, hence the intent to deprive the owner of the property and to convert it to the use and benefit of the party taking is an essential element of the offense of theft. Therefore, in an indictment charging one as being an accomplice to the offense of robbery, it is necessary to properly charge the offense of robbery itself. In this respect, the indictment is defective. The indictment for the offense of robbery being defective, it will not authorize a conviction for that offense and would not be the basis for a conviction for the offense of an accomplice to such robbery because he could not be an accomplice to an offense not properly charged, In support of what we have said, we refer to the following authorities: Morris v. State, 13 Tex. App. 65; Warren v. State, 67 Tex. Cr. R. 273, 149 S. W. 130; Michot v. State, 117 Tex. Cr. R. 109, 36 S. W. 2d 171; and Galloway v. State, 126 Tex. Cr. R. 294, 71 S. W. 2d 871.

In the case of Warren v. State, supra, this court said, "In an indictment of an accomplice to forgery it is, of course, necessary to properly charge the forgery itself * * *."

In view of the disposition we are making of this case, it will not be necessary to discuss any of the other questions presented in the record. However, we do not deem it amiss to here state that we entertain some doubt about the sufficiency of the evidence to show that appellant prior to the commission of the offense of robbery by Jimmy McElreath, did advise, command and encourage the said McElreath to commit the offense as charged in the indictment. Of course, these averments in the indictment are proved by the principal offenders, who, under the law, are accomplice witnesses and need to be corroborated by other facts or circumstances, the sufficiency of which, in our opinion, raises a serious question.

For the error herein pointed out, the judgment of the trial court is reversed and the prosecution ordered dismissed.

Opinion approved by the court.