**Ex parte Clemisson J. LUDDINGTON.**

No. 67279.

Court of Criminal Appeals of Texas, En Banc.

April 8, 1981.

Rehearing Denied May 6, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is a post conviction writ of habeas corpus. The petitioner asserts that his conviction for robbery is void because it fails to allege he had the intent to appropriate the property allegedly stolen. The conviction was under the former penal code, Art. 1408, V.A.P.C. (1925). The indictment in pertinent part follows:

"Clemisson J. Luddington on or about the 16th day of September A.D. One Thousand Nine Hundred and Seventy-Three, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there unlawfully in and upon James Macicek did make an assault, and did then and there by said assault, and by violence to the said James Macicek, and by putting the said James Macicek in fear of life and bodily injury, and by then and there using and exhibiting a firearm, to-wit, a pistol, fraudulently and without the consent of the said James Macicek, take from the person and possession of him, the said James Macicek, certain property, to-wit, Ten ($10.00) Dollars in money, the same being the property of the same James Macicek of the same, and to appropriate the same to the use and benefit of him, the said Clemisson J. Luddington,"

Art. 1408, V.A.P.C. (1925) provided:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

An essential element of the offense of robbery was that the property was taken with the intent on the part of the defendant to appropriate it to his own use and such an allegation is indispensable to the sufficiency of an indictment for robbery. Art. 1408, V.A.P.C. (1925); *Tomlin v. State*, 154 Tex. Cr.R. 1, 224 S.W.2d 259 (1949); *Morris v. State*, 13 Tex.App. 65 (1882). For one hundred years it has been said that "... a defect of substance in an indictment is a fundamental error which may be availed of at any time." *Morris v. State*, supra.

Since the indictment fails to allege that the property was taken by the petitioner with the *intent* to appropriate it to his own use it fails to allege an offense. The relief sought will be granted.

It is so ordered.

Petitioner also asserts that his conviction for rape is void because the indictment is fundamentally defective. We find no merit to that contention and accordingly deny relief.

McCORMICK, J., dissents.