Jaime L.. Flores, City Attorney, Valeria Miriam Acevedo, Assistant City Attorney, Homero Ramirez, Webb County Attorney, Laredo, for Appellant.

Jose Salvador Tellez, Laredo, for Appellee.

**The STATE of Texas, Appellant,**

v.

**Hector CABELLO, Appellee.**

**No. 04–97–01041–CR.**

Court of Appeals of Texas, San Antonio.

Oct. 7, 1998.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

**OPINION**

HARDBERGER, Chief Justice.

Hector Cabello ("Cabello") was convicted in the Municipal Court of Laredo for failing to comply with the instructions of a police officer. Cabello appealed the conviction to the County Court at Law No. 2 of Webb County. Prior to trial, the county court granted Cabello's motion to quash the complaint, and the State appealed the dismissal to this court in appeal number 04–96–00748–CR. We reversed the trial court's order and remanded the cause for further proceedings, holding that the trial court abused its discretion because section 44.181(a) of the Texas Code of Criminal procedure precluded the county court from dismissing the case based on a defect in the complaint. *See* TEX.CODE CRIM. PROC. ANN. art. 44.181(a) (Vernon Supp. 1998); *see also State v. Cabello,* No. 04–96–00748–CR, 1997 WL 184729 (Tex.App.—San

Antonio, Apr.16, 1997, no pet.) (not designated for publication).

On November 17, 1997, the case was called for trial, and after a jury was selected, Cabello's trial counsel made a verbal motion to dismiss, contending the complaint was defective. The trial court granted the motion "for lack of information on the complaint."

## DISCUSSION

A trial court's ruling on a motion to dismiss a charging instrument will not be reversed absent an abuse of discretion. *See State v. Perez,* 906 S.W.2d 558, 559 (Tex. App.—San Antonio 1995), *aff'd,* 947 S.W.2d 268 (Tex.Crim.App.1997). A trial court abuses its discretion if it acts without reference to guiding principles or rules. *Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App.1993).

Article 44.181(a) of the Texas Code of Criminal Procedure provides that "[a] court conducting a trial de novo on an appeal from a justice or municipal court may not dismiss the case because of a defect in the complaint." TEX.CODE CRIM. PROC. ANN. art. 44.181(a) (Vernon Supp.1998). By granting a motion to dismiss this case for lack of information in the complaint, the trial court abused its discretion by acting without reference to article 44.181(a).[1]

The trial court's order granting Cabello's motion to dismiss is reversed, and this cause is remanded to the trial court for further proceedings.

---

1. We note our holding is consistent with our prior decision in this case. *See State v. Cabello,* No. 04–96–00748–CR, 1997 WL 184729 (Tex. App.—San Antonio, Apr.16, 1997, no pet.) (not designated for publication).