Emmanuel CASAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00857–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 21, 2004.

Blaise J. Heaney, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Carol M. Cameron, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

TIM TAFT, Justice.

Appellant, Emmanuel Casas, was convicted in a trial de novo in the County Court of the offense of possession of drug paraphernalia. Pursuant to a plea-bargain agreement, the trial court assessed a $180 fine. We determine whether the trial court abused its discretion in denying appellant's motion to quash. We affirm.

### Background

On December 11, 2002, appellant was charged by written citation with the misdemeanor offense of possession of drug paraphernalia. Appellant waived his right to a jury trial and entered a plea of not guilty in the Justice of the Peace Court. The Justice of the Peace court found appellant guilty on May 27, 2003. Appellant appeal-

ed to the County Court.[1] On June 23, 2003, appellant filed a written motion to quash, which the trial court denied. Appellant pleaded guilty to the offense of possession of drug paraphernalia, and the trial court assessed a fine of $180 on August 14, 2003.

## Motion to Quash

In his sole issue, appellant contends that the trial court erred in denying his motion to quash because neither the ticket, nor the affidavit on the back of the ticket, stated an offense. Here, the notice of violation served as the charging instrument. When the plea upon trial de novo in the trial court is "guilty," the duplicate copy of the notice of violation upon which the conviction was based in the inferior court may serve as the complaint. Op. Atty. Gen.1988, No. JM–869. Specifically, appellant contends that, because the word paraphernalia was misspelled as "pheraphalia" on the ticket and improperly abbreviated as "phera" on the accompanying affidavit, the complaint did not state an offense for which appellant could prepare a defense.

A trial court's ruling on a motion to quash is reviewed for an abuse of discretion. *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App.1980); *State v. Goldsberry,* 14 S.W.3d 770, 772 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). A court conducting a trial de novo based on an appeal from a justice court may dismiss the cause because of a defect in the complaint *only* if the defendant objected to the defect before the trial began in the justice court. TEX.CODE CRIM. PROC. ANN. art. 44.181 (Vernon Supp.2004–2005); *Motherwell v. State,* No. 05–99–00649–CR, 2000

WL 1240005 (Tex.App.-Dallas, Aug.31, 2000, no pet.)(not designated for publication). The record here does not reflect that appellant objected to the complaint's defect until after the trial in the Justice Court had already concluded and the cause was on appeal in the County Court. Accordingly, the trial court did not abuse its discretion in denying the motion to quash. *See* TEX.CODE CRIM. PROC. ANN. art. 44.181.

We overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.

---

**1.** *See* TEX.CODE CRIM. PROC. ANN. art. 4.08 (Vernon 1977) (providing County Courts with appellate jurisdiction over criminal cases decided in Justice Courts); *Id.* art. 45.042 (Vernon Supp.2004–2005) (stating that County Court should review the Justice Court's decision de novo).