**Van Lee TOLLETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–06–00173–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 24, 2007.

Decided April 5, 2007.

James P. Finstrom, Jefferson, for appellant.

Josh Maness, Al Davis, Asst. Dist. Attys., Marshall, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Van Lee Tollett has filed a motion for rehearing directing this Court to the place in the record showing that the trial court ruled on his motion to suppress. In our original opinion, we affirmed the judgment of the trial court while noting Tollett "has not directed us to the page or pages in the record" where the trial court ruled on his motion to suppress. We requested any response from the State to be received by this Court on or before February 26, 2007. To date, no response has been received. Tollett's motion for rehearing is granted, this Court's opinion of February 6, 2007, is hereby withdrawn, and this opinion substituted therefor.

Tollett appeals from a conviction by a jury on the class C misdemeanor offense of speeding. Tollett's speed was clocked by radar at seventy-three miles per hour along a section of road with a posted speed limit of sixty miles per hour. Tollett argues on appeal the trial court erred in denying his motion to quash, the information was fundamentally defective, the evidence was factually insufficient, and the evidence was legally insufficient. Because the error in the information was harmless and the evidence was legally and factually sufficient, we affirm the judgment of the trial court.

## I. Motion to Quash and Defective Information

■ Tollett argues, in his first two points of error, that the trial court erred in denying his motion to quash and that the information was fundamentally defective. We review de novo the trial court's denial of a motion to quash. *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App.2004). The information provides as follows:

**VAN LEE TOLLETT, JR.,** on or about the 18th **DAY OF JULY A.D.,** 2005, in the County of Harrison and State of Texas and before making and filing of this information, did then and there

operate a vehicle at a speed in excess of the limits established by Subsection (b) of the Texas Transportation Code to wit: 73 mph in a 60 mph zone.

against the peace and dignity of the state.

According to Tollett, the information fails to charge an offense because: 1) the information fails to allege Tollett operated a motor vehicle; 2) the phrase "Subsection (b)" is meaningless; 3) the phrase "73 mph in a 60 mph zone" is unclear as a matter of law; and 4) the information was required to allege Tollett was "operating a motor vehicle at a speed that was greater than reasonable and prudent under existing conditions, having regard for actual and potential hazards."

In response, the State contends that Tollett failed to preserve error and that the information was not defective because it met the requirements of Section 543.010 of the Texas Transportation Code. Although we reject Tollett's argument that the error is fundamental, we conclude Tollett did preserve his argument that the information was required to allege the speed was greater than reasonable and prudent. Because the information fails to allege an element of the offense of speeding, the information is defective and the error is a defect of substance. However, we conclude that the error is subject to harmless error analysis and that the error is harmless.

## A. The Alleged Error Is Not Fundamental

In Tollett's second point of error, Tollett contends that the failure of the information to allege the speed was greater than was

reasonable and prudent constitutes fundamental error. Historically, defects of substance were "fundamental" errors and could be challenged at any point in the proceedings. *See, e.g., Morris v. State*, 13 Tex.App. 65, 71 (1882); *see also Cook v. State*, 902 S.W.2d 471, 476 (Tex.Crim.App. 1995). In 1985, Texas voters approved an amendment to Section 12 of Article V of the Texas Constitution that the presentation of an indictment or information vests the trial court with jurisdiction over the case. *See* TEX. CONST. art. V, § 12; *see also Studer v. State*, 799 S.W.2d 263, 272 (Tex.Crim.App.1990). A defendant waives any defect of form or substance in an information if no objection is made before the date trial commences. *See* TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005).

▮ We note an instrument which is not an "information" under Article V, Section 12 of the Texas Constitution fails to vest the trial court with jurisdiction and can be raised for the first time on appeal. *See Duron v. State*, 956 S.W.2d 547, 555 (Tex.Crim.App.1997); *Cook*, 902 S.W.2d at 479–80; *see also Teal v. State*, No. PD–0689–06, 2007 Tex.Crim.App. LEXIS 316, at *16–18, 2007 WL 676221, at *5, —— S.W.3d ——, —— (Tex.Crim.App. Mar. 7, 2007). The omission of an element of the offense, though, does not prevent the instrument from being an information. The Texas Court of Criminal Appeals held, in *Studer*, that "the language in Art. V, § 12, 'charging a person with the commission of an offense,' does not mean … that each element of the offense must be alleged in order to have an indictment or information as contemplated by Art. V, § 12." *Studer*, 799 S.W.2d at 272. "To comprise an [information] within the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." *Cook*, 902 S.W.2d at 476. "[A] written instrument is an indict-

ment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the indictment is otherwise defective." *Duron*, 956 S.W.2d at 550–51. Because the information is sufficient to identify the penal statute under which the State intends to prosecute, the error is not a "fundamental" error.

**B. Tollett Preserved Error**

▮ The State argues Tollett failed to preserve error by objecting to the complaint in the justice court. The State relies on Article 44.181(a) of the Texas Code of Criminal Procedure, which provides: "[a] court conducting a trial de novo based on an appeal from a justice or municipal court may dismiss the case because of a defect in the complaint only if the defendant objected to the defect before the trial began in the justice or municipal court." TEX.CODE CRIM. PROC. ANN. art. 44.181 (Vernon 2006). The State's argument fails in this case because the defect is in the information rather than the complaint, and neither the information nor complaint at issue were filed until after the trial in the justice court had concluded.

The State argues Tollett failed to preserve error by not objecting in the justice court. The justice court rendered judgment against Tollett on August 9, 2005. The information and complaint being complained of were not filed until June 28, 2006—more than ten months after the trial in the justice court. Tollett's motion to quash was filed on June 27, 2006—one day before the information was filed. The motion to quash objects to 1) the lack of any complaint or information, and 2) the failure of any charge instrument to allege Tollett "operated a motor vehicle at a speed that was greater than reasonable and prudent

under existing circumstances, having regard for actual and potential hazards." Other than the appeal bond taken from the justice court judgment, there is no record of what transpired in the justice court. The appeal bond states the justice court conviction was based on a complaint. Prosecutions for misdemeanors in a justice court may be based on a complaint alone, without an information. 23 TEX. JUR. 3d *Criminal Law* § 2565 (2001). The trial court denied Tollett's motion to quash on July 24, 2006. Tollett did not waive error in the information by failing to object to the defective information before the information was even filed. We conclude Tollett timely brought the defective information to the attention of the trial court. Tollett preserved error for appellate review.

■ Further, the defect is in the information rather than the complaint. Article 44.181 only applies to a defect in a complaint filed in justice or municipal court. In the county court at law, a complaint is not a charging instrument in and of itself. *Nam Hoai Le v. State*, 963 S.W.2d 838, 843 (Tex.App.-Corpus Christi 1998, pet. ref'd); *see Huynh v. State*, 901 S.W.2d 480, 481–82 (Tex.Crim.App.1995). In both of the cases cited by the State, the defendant argued the complaint was defective. *See State v. Cabello*, 981 S.W.2d 444, 445 (Tex. App.-San Antonio 1998, no pet.); *Casas v. State*, 176 S.W.3d 441, 442 (Tex.App.-Houston [1st Dist.] 2004, no pet.). The defect complained of in this case is contained in the information. Further, in neither of these cases was there any indication the defective charging instrument was filed after trial in justice court. *See Casas*, 176 S.W.3d at 442; *Cabello*, 981 S.W.2d at 445 (reversing trial court's granting of motion to quash). When the defect occurs in the information rather than the complaint, Article 1.14 applies.[1] *See Nam Hoai Le*, 963 S.W.2d at 843. We conclude Tollett did preserve for appellate review the argument that the information must allege that the speed was greater than reasonable and prudent.[2]

## C. The Information Contains a Defect

As argued by Tollett, the offense of speeding requires, in general, proof that the vehicle's speed was not reasonable and prudent. Section 545.351 of the Texas Transportation Code provides: "[a]n operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing." TEX. TRANSP. CODE ANN. § 545.351(a), (b) (Vernon 1999). However, the Transportation Code also establishes maximum speeds which are prima facie evidence that the vehicle's speed is unreasonable. Section 545.352 provides "[a] speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlaw-

---

1. We note that Article 1.14(b) requires a defendant to object to an information before trial. *See* TEX.CODE CRIM. PROC. ANN. art. 44.181; *see also Teal*, 2007 Tex.Crim.App. LEXIS 316, at *12, 2007 WL 676221, at *3, —— S.W.3d at —— ("Texas law now requires the defendant to object to any error in the indictment before the day of trial and certainly before the jury is empaneled."). As discussed above, Tollett objected to the information before his trial de novo in the county court at law.

2. Tollett has failed to show his remaining arguments—1) the information fails to allege Tollett operated a motor vehicle, 2) the phrase "Subsection (b)" is meaningless, and 3) the phrase "73 mph in a 60 mph zone" is unclear as a matter of law—are preserved. Even if these arguments had been preserved, any error would be harmless for the reasons stated below.

ful." TEX. TRANSP. CODE ANN. § 545.352 (Vernon Supp.2006); *see also* TEX. TRANSP. CODE ANN. §§ 545.353, 545.355, 545.356 (Vernon Supp.2006).

■ Proof of exceeding a speed limit, while sufficient evidence for a jury to infer a finding the speed was not reasonable and prudent, does not conclusively establish that the speed is not reasonable and prudent. "Prima facie evidence" is merely "[e]vidence that will establish a fact or sustain a judgment unless contradictory evidence is produced." BLACK'S LAW DICTIONARY 598 (8th ed.2004). Although unlikely, a defendant could prove that a speed in excess of the statutory speed limit was reasonable and prudent under the circumstances then existing. Therefore, the State must allege the speed was greater than was reasonable and prudent. *Eaves v. State,* 171 Tex.Crim. 670, 353 S.W.2d 231, 232 (1961); *see* 7 MICHAEL J. MCCORMICK, ET AL., TEXAS PRACTICE: CRIMINAL FORMS AND TRIAL MANUAL § 30.42 (11th ed.2005).

According to the State, the information is sufficient because it complies with Section 543.010 of the Texas Transportation Code. That section requires a complaint on a charge of speeding to specify: "(1) the maximum or minimum speed limit applicable in the district or at the location; and (2) the speed at which the defendant is alleged to have driven." TEX. TRANSP. CODE ANN. § 543.010 (Vernon 1999). This requirement, though, does not relieve the State of the obligation to plead all the elements of the offense. Rather, this section imposes additional pleading requirements on the State—similar to manner and means allegations required to provide a defendant with sufficient notice of the charges against him or her.

It is black letter law in Texas that an indictment or information must allege each and every element of the offense. TEX. CODE CRIM. PROC. ANN. art. 21.03 (Vernon 1989); *Ex parte Winton,* 549 S.W.2d 751, 752 (Tex.Crim.App.1977); *see Holley v. State,* 167 S.W.3d 546, 548 (Tex.App.-Houston [14th Dist.] 2005, no pet.). The Texas Penal Code defines "element of offense" as: "(A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation of any exception to the offense." TEX. PENAL CODE ANN. § 1.07(a)(22) (Vernon Supp.2006). As discussed above, the forbidden conduct at issue is "at a speed greater than is reasonable and prudent under the circumstances then existing." *See* TEX. TRANSP. CODE ANN. § 545.351(a). The information wholly fails to allege Tollett drove a vehicle at a speed greater than was reasonable and prudent. The information fails to allege an element of the offense and, as such, is defective.

**D. The Error Is a Defect of Substance**

■ The next issue in our inquiry is whether the error in the information is a defect of form or a defect of substance. Defects of substance are statutorily defined by Article 27.08 of the Texas Code of Criminal Procedure. *Studer,* 799 S.W.2d at 267; *see* TEX.CODE CRIM. PROC. ANN. art. 21.21(7) (Vernon 1989), art. 27.08 (Vernon Supp.2006). "A defect of substance includes the omission of a required element or elements of the offense charged." *Studer,* 799 S.W.2d at 268; *see Fisher v. State,* 887 S.W.2d 49, 54–55 n. 8 (Tex.Crim.App. 1994); *Ex parte Luddington,* 614 S.W.2d 427, 428 (Tex.Crim.App.1981), *superseded by constitutional amendment as stated in Cook,* 902 S.W.2d at 476. Because the indictment omits an element of the offense, the error is a defect of substance.

**E. The Defect of Substance Is Subject to Harmless Error Analysis**

■ Since the error in the information is a defect of substance, we are now con-

fronted with the difficult question of whether a harmless error analysis applies to the error. Although defects of form are clearly subject to a harmless error analysis,[3] Texas law is uncertain concerning whether some form of a harmless error analysis applies to defects of substance. *See* 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21.147 (2d ed. 2001 & Supp. 2006) (suggesting Rule 44.2 may apply to defects of substance).

In *Cain v. State*, the Texas Court of Criminal Appeals announced "[e]xcept for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." 947 S.W.2d 262, 264 (Tex.Crim.App. 1997) (footnote omitted). The Texas Court of Criminal Appeals noted that some errors will never be or will rarely be harmless—particularly jurisdictional issues. *Id.*

We are unable to conclude the error in this case will never be harmless. We note that, at one time, a defect of substance was a jurisdictional error. *See, e.g., Morris*, 13 Tex.App. at 71; *see also Cook*, 902 S.W.2d at 476. A defect of substance, though, is no longer a jurisdictional error. As discussed above, an indictment vests a trial court with jurisdiction as long as "it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the indictment is otherwise defective." *Duron*, 956 S.W.2d at 550–51. Because the information in this case provided Tollett with notice he was being charged with speeding, the error in this case is not jurisdictional. Consequently, the general principles announced in *Cain* dictate that we apply a harmless error analysis to defects of substance.[4] The error is subject to a harmless error analysis.

## F. The Error Did Not Affect Tollett's Substantial Rights

 Under Rule 44.2(b), we disregard the error if it does not affect the appellant's substantial rights. *See* TEX. R.APP. P. 44.2(b); *Flowers v. State*, 815 S.W.2d 724, 728 (Tex.Crim.App.1991) (the

3. When an error is a defect of form, Article 21.19 of the Texas Code of Criminal Procedure requires the error to affect the defendant's substantial rights. TEX.CODE CRIM. PROC. ANN. art. 21.19 (Vernon 1989); *see Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App. 1986). However, the Texas Court of Criminal Appeals has held that the *Adams* rule does not apply to a defect of substance. *See Labelle v. State*, 720 S.W.2d 101, 106 (Tex.Crim.App. 1986); *Jackson v. State*, 718 S.W.2d 724, 725 n. 1 (Tex.Crim.App.1986).

4. *See Yandell v. State*, 46 S.W.3d 357, 362 (Tex.App.-Austin 2001, pet. ref'd) (suggesting omission of culpable mental state is harmless because it does not affect defendant's substantial rights). We note there is some authority for the proposition that a defect of substance either requires an automatic reversal or always results in harm. *Thompson v. State*, 44 S.W.3d 171, 183 (Tex.App.-Houston [14th Dist.] 2001, no pet.) ("the trial court's failure to quash the indictment has been, and still is, treated as error harmful under any harm analysis, i.e. reversible per se"); *see Sanchez v. State*, 32 S.W.3d 687, 697 (Tex.App.-San Antonio 2000), *rev'd on other grounds*, 120 S.W.3d 359 (Tex.Crim.App.2003); *see also* 2 TEXAS CRIMINAL PRACTICE GUIDE: INDICTMENT & INFORMATION § 41.04[1] (Matthew Bender & Co. ed., Aug. 2006); 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 20.42 (2d ed. 2001) ("An erroneous failure to sustain an objection raising a defect of substance apparently requires automatic reversal regardless of whether the appellant was harmed."). *But see* 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21.147 (suggesting Rule 44.2 may apply to defects of substance). However, for the reasons discussed above, we conclude the error is subject to a harmless error analysis.

requisites of indictments now stem from statutory law alone). A "substantial right" is affected "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). We find the error in this case to be harmless. *See* Tex.R.App. P. 44.2(b). The record does not contain any evidence Tollett lacked notice he was being charged with speeding. The information alleged Tollett was operating a vehicle at a speed of "73 mph in a 60 mph zone." Further, the error had no affect on Tollett's ability to present his defense. Although Tollett's defense at trial was based primarily on the defect in question—whether his speed was greater than was reasonable and prudent—Tollett was permitted to advance this theory at trial. As discussed below, Tollett was permitted to introduce evidence that his speed was reasonable and prudent. In addition, Tollett's attorney was permitted to argue his client was not guilty of speeding, despite exceeding the speed limit, because his speed was reasonable and prudent. The trial court correctly instructed the jury that the speed must have been greater than was reasonable and prudent. The error did not affect Tollett's substantial rights. We overrule Tollett's first point of error.

## II. Legal Sufficiency of the Evidence

In his fourth point of error, Tollett argues that the evidence is legally insufficient. The trial court instructed the jury, in pertinent part, as follows:

Our law provides that a person commits an offense if the person drives a motor vehicle at a speed that is not reasonable and prudent.

. . . .

It is prima facie evidence that a person drove at a speed that is not reasonable and prudent if it is determined that they drove at a speed in excess of a posted speed limit zone.

According to Tollett, the State failed to introduce any evidence that his speed was not reasonable and prudent.

Tollett testified that, just before he was stopped for speeding, he had been passing a slow-moving semitruck. Tollett estimated the slow-moving semitruck was traveling approximately forty-five miles per hour. Because he was approaching a point where the highway merged from a four-lane highway into a two-lane highway, Tollett testified he needed to speed in order to safely pass the slow-moving semitruck. Tollett believed it was safer to exceed the speed limit than to pass the slow-moving truck at the speed limit.

Tollett argues there is no evidence that he endangered another vehicle or that his speed was unsafe under existing circumstances. In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000).

Section 545.352(a) provides, "[a] speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful." *See* Tex. Transp.Code Ann. § 545.352; *see also* Tex. Transp. Code Ann. §§ 545.353, 545.355, 545.356. Because Trooper Jesse Mitchell testified Tollett exceeded the posted speed limit, a rational trier of fact could have found that Tollett's speed was not reasonable and prudent. The evidence is legally sufficient. We overrule Tollett's fourth point of error.

## III. Factual Sufficiency of the Evidence

In his third point of error, Tollett argues that his testimony was sufficient to overcome the presumption created by his exceeding the posted speed limit. In a factual sufficiency review, the appellate court views all the evidence in a neutral light and determines whether the evidence supporting the verdict is so weak that the jury's verdict is clearly wrong and manifestly unjust or whether the great weight and preponderance of the evidence is contrary to the verdict. *Johnson*, 23 S.W.3d at 7; *see Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996); *see also Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim. App.2006).

The record does contain some evidence Tollett's speed was reasonable. Tollett testified that his semitruck was not loaded and that he would not have passed the slow-moving semitruck if his semitruck had been loaded. According to Tollett, the road was clear of other traffic and his action did not endanger anyone. Tollett testified it was safer, in his opinion, to exceed the speed limit than to pass the slow-moving semitruck at the speed limit.

The evidence, though, is factually sufficient. Evidence that a person was exceeding the posted speed limit is prima facie evidence that the speed was unreasonable. Trooper Mitchell testified that the posted speed limit was sixty miles per hour and that Tollett was traveling seventy-three miles per hour as clocked by radar. While no vehicle had to take evasive action or was endangered by Tollett's operation of his semitruck, Mitchell testified Tollett's speed could have posed a danger, particularly since a semitruck has greater weight and takes longer to stop than other vehicles. Further, Tollett could have avoided the possibility of violating the speed law had he not attempted to pass the other semitruck at that time. When considered in a neutral light, the evidence supporting the verdict is not so weak that the jury's verdict is clearly wrong and manifestly unjust. Further, the great weight and preponderance of the evidence does not indicate that Tollett's speed was reasonable and prudent. We overrule Tollett's third point of error.

For the reasons stated, we affirm the judgment of the trial court.