In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00173-CR


______________________________




VAN LEE TOLLETT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Harrison County, Texas


Trial Court No. 2005-1497




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Van Lee Tollett has filed a motion for rehearing directing this Court to the place in the record
showing that the trial court ruled on his motion to suppress. In our original opinion, we affirmed the
judgment of the trial court while noting Tollett "has not directed us to the page or pages in the
record" where the trial court ruled on his motion to suppress. We requested any response from the
State to be received by this Court on or before February 26, 2007. To date, no response has been
received. Tollett's motion for rehearing is granted, this Court's opinion of February 6, 2007, is
hereby withdrawn, and this opinion substituted therefor.

 Tollett appeals from a conviction by a jury on the class C misdemeanor offense of speeding. 
Tollett's speed was clocked by radar at seventy-three miles per hour along a section of road with a
posted speed limit of sixty miles per hour. Tollett argues on appeal the trial court erred in denying
his motion to quash, the information was fundamentally defective, the evidence was factually
insufficient, and the evidence was legally insufficient. Because the error in the information was
harmless and the evidence was legally and factually sufficient, we affirm the judgment of the trial
court. 

I. Motion to Quash and Defective Information

 Tollett argues, in his first two points of error, that the trial court erred in denying his motion
to quash and that the information was fundamentally defective. We review de novo the trial court's
denial of a motion to quash. State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). The
information provides as follows:

 VAN LEE TOLLETT, JR., on or about the 18th DAY OF JULY A.D., 2005, in
the County of Harrison and State of Texas and before making and filing of this
information, did then and there

 operate a vehicle at a speed in excess of the limits established by Subsection
(b) of the Texas Transportation Code to wit: 73 mph in a 60 mph zone.

 against the peace and dignity of the state. 

According to Tollett, the information fails to charge an offense because: 1) the information fails to
allege Tollett operated a motor vehicle; 2) the phrase "Subsection (b)" is meaningless; 3) the phrase
"73 mph in a 60 mph zone" is unclear as a matter of law; and 4) the information was required to
allege Tollett was "operating a motor vehicle at a speed that was greater than reasonable and prudent
under existing conditions, having regard for actual and potential hazards." 

 In response, the State contends that Tollett failed to preserve error and that the information
was not defective because it met the requirements of Section 543.010 of the Texas Transportation
Code. Although we reject Tollett's argument that the error is fundamental, we conclude Tollett did
preserve his argument that the information was required to allege the speed was greater than
reasonable and prudent. Because the information fails to allege an element of the offense of
speeding, the information is defective and the error is a defect of substance. However, we conclude
that the error is subject to harmless error analysis and that the error is harmless.



A. The Alleged Error Is Not Fundamental

 In Tollett's second point of error, Tollett contends that the failure of the information to allege
the speed was greater than was reasonable and prudent constitutes fundamental error. Historically,
defects of substance were "fundamental" errors and could be challenged at any point in the
proceedings. See, e.g., Morris v. State, 13 Tex. Ct. App. 65, 71 (1882); see also Cook v. State, 902
S.W.2d  471,  476  (Tex.  Crim.  App.  1995).  In  1985,  Texas  voters  approved  an  amendment
to Section 12 of Article V of the Texas Constitution that the presentation of an indictment or
information vests the trial court with jurisdiction over the case. See Tex. Const. art. V, § 12; see
also Studer v. State, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990). A defendant waives any defect
of form or substance in an information if no objection is made before the date trial commences. See
Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). 

 We note an instrument which is not an "information" under Article V, Section 12 of the
Texas Constitution fails to vest the trial court with jurisdiction and can be raised for the first time
on appeal. See Duron v. State, 956 S.W.2d 547, 555 (Tex. Crim. App. 1997); Cook, 902 S.W.2d at
479-80; see also Teal v. State, No. PD-0689-06, 2007 Tex. Crim. App. LEXIS 316, at *16-18 (Tex.
Crim. App. Mar. 7, 2007). The omission of an element of the offense, though, does not prevent the
instrument from being an information. The Texas Court of Criminal Appeals held, in Studer, that
"the language in Art. V, § 12, 'charging a person with the commission of an offense,' does not mean
. . . that each element of the offense must be alleged in order to have an indictment or information
as contemplated by Art. V, § 12." Studer, 799 S.W.2d at 272. "To comprise an [information] within
the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the
commission of an offense." Cook, 902 S.W.2d at 476. "[A] written instrument is an indictment or
information under the Constitution if it accuses someone of a crime with enough clarity and
specificity to identify the penal statute under which the State intends to prosecute, even if the
indictment is otherwise defective." Duron, 956 S.W.2d at 550-51. Because the information is
sufficient to identify the penal statute under which the State intends to prosecute, the error is not a
"fundamental" error.

B. Tollett Preserved Error

 The State argues Tollett failed to preserve error by objecting to the complaint in the justice
court. The State relies on Article 44.181(a) of the Texas Code of Criminal Procedure, which
provides: "[a] court conducting a trial de novo based on an appeal from a justice or municipal court
may dismiss the case because of a defect in the complaint only if the defendant objected to the defect
before the trial began in the justice or municipal court." Tex. Code Crim. Proc. Ann. art. 44.181
(Vernon 2006). The State's argument fails in this case because the defect is in the information rather
than the complaint, and neither the information nor complaint at issue were filed until after the trial
in the justice court had concluded. 

 The State argues Tollett failed to preserve error by not objecting in the justice court. The
justice court rendered judgment against Tollett on August 9, 2005. The information and complaint
being complained of were not filed until June 28, 2006--more than ten months after the trial in the
justice court. Tollett's motion to quash was filed on June 27, 2006--one day before the information
was filed. The motion to quash objects to 1) the lack of any complaint or information, and 2) the
failure of any charge instrument to allege Tollett "operated a motor vehicle at a speed that was
greater than reasonable and prudent under existing circumstances, having regard for actual and
potential hazards." Other than the appeal bond taken from the justice court judgment, there is no
record of what transpired in the justice court. The appeal bond states the justice court conviction was
based on a complaint. Prosecutions for misdemeanors in a justice court may be based on a complaint
alone, without an information. 23 Tex. Jur. 3d Criminal Law § 2565 (2001). The trial court denied
Tollett's motion to quash on July 24, 2006. Tollett did not waive error in the information by failing
to object to the defective information before the information was even filed. We conclude Tollett
timely brought the defective information to the attention of the trial court. Tollett preserved error
for appellate review.

 Further, the defect is in the information rather than the complaint. Article 44.181 only
applies to a defect in a complaint filed in justice or municipal court. In the county court at law, a
complaint is not a charging instrument in and of itself. Nam Hoai Le v. State, 963 S.W.2d 838, 843
(Tex. App.--Corpus Christi 1998, pet. ref'd); see Huynh v. State, 901 S.W.2d 480, 481-82 (Tex.
Crim. App. 1995). In both of the cases cited by the State, the defendant argued the complaint was
defective. See State v. Cabello, 981 S.W.2d 444, 445 (Tex. App.--San Antonio 1998, no pet.);
Casas v. State, 176 S.W.3d 441, 442 (Tex. App.--Houston [1st Dist.] 2004, no pet.). The defect
complained of in this case is contained in the information. Further, in neither of these cases was
there any indication the defective charging instrument was filed after trial in justice court. See
Casas, 176 S.W.3d at 442; Cabello, 981 S.W.2d at 445 (reversing trial court's granting of motion
to quash). When the defect occurs in the information rather than the complaint, Article 1.14 applies. (1)
See Nam Hoai Le, 963 S.W.2d at 843. We conclude Tollett did preserve for appellate review the
argument that the information must allege that the speed was greater than reasonable and prudent. (2) 
C. The Information Contains a Defect

 As argued by Tollett, the offense of speeding requires, in general, proof that the vehicle's
speed was not reasonable and prudent. Section 545.351 of the Texas Transportation Code provides:
"[a]n operator may not drive at a speed greater than is reasonable and prudent under the
circumstances then existing." Tex. Transp. Code Ann. § 545.351(a), (b) (Vernon 1999). However,
the Transportation Code also establishes maximum speeds which are prima facie evidence that the
vehicle's speed is unreasonable. Section 545.352 provides "[a] speed in excess of the limits
established by Subsection (b) or under another provision of this subchapter is prima facie evidence
that the speed is not reasonable and prudent and that the speed is unlawful." Tex. Transp. Code
Ann. § 545.352 (Vernon Supp. 2006); see also Tex. Transp. Code Ann. §§ 545.353, 545.355,
545.356 (Vernon Supp. 2006). 

 Proof of exceeding a speed limit, while sufficient evidence for a jury to infer a finding the
speed was not reasonable and prudent, does not conclusively establish that the speed is not
reasonable and prudent. "Prima facie evidence" is merely "[e]vidence that will establish a fact or
sustain a judgment unless contradictory evidence is produced." Black's Law Dictionary 598 (8th
ed. 2004). Although unlikely, a defendant could prove that a speed in excess of the statutory speed
limit was reasonable and prudent under the circumstances then existing. Therefore, the State must
allege the speed was greater than was reasonable and prudent. Eaves v. State, 171 Tex. Crim. 670,
353 S.W.2d 231, 232 (1961); see 7 Michael J. McCormick, et al., Texas Practice: Criminal
Forms and Trial Manual § 30.42 (11th ed. 2005).

 According to the State, the information is sufficient because it complies with Section 543.010
of the Texas Transportation Code. That section requires a complaint on a charge of speeding to
specify: "(1) the maximum or minimum speed limit applicable in the district or at the location; and
(2) the speed at which the defendant is alleged to have driven." Tex. Transp. Code Ann. § 543.010
(Vernon 1999). This requirement, though, does not relieve the State of the obligation to plead all
the elements of the offense. Rather, this section imposes additional pleading requirements on the
State--similar to manner and means allegations required to provide a defendant with sufficient
notice of the charges against him or her. 

 It is black letter law in Texas that an indictment or information must allege each and every
element of the offense. Tex. Code Crim. Proc. Ann. art. 21.03 (Vernon 1989); Ex parte Winton,
549 S.W.2d 751, 752 (Tex. Crim. App. 1977); see Holley v. State, 167 S.W.3d 546, 548 (Tex.
App.--Houston [14th Dist.] 2005, no pet.). The Texas Penal Code defines ''element of offense" as:
''(A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation
of any exception to the offense." Tex. Penal Code Ann. § 1.07(a)(22) (Vernon Supp. 2006). As
discussed above, the forbidden conduct at issue is "at a speed greater than is reasonable and prudent
under the circumstances then existing." See Tex. Transp. Code Ann. § 545.351(a). The
information wholly fails to allege Tollett drove a vehicle at a speed greater than was reasonable and
prudent. The information fails to allege an element of the offense and, as such, is defective.

D. The Error Is a Defect of Substance

 The next issue in our inquiry is whether the error in the information is a defect of form or a
defect of substance. Defects of substance are statutorily defined by Article 27.08 of the Texas Code
of Criminal Procedure. Studer, 799 S.W.2d at 267; see Tex. Code Crim. Proc. Ann. art. 21.21(7)
(Vernon 1989), art. 27.08 (Vernon Supp. 2006). "A defect of substance includes the omission of a
required element or elements of the offense charged." Studer, 799 S.W.2d at 268; see Fisher v.
State, 887 S.W.2d 49, 54-55 n.8 (Tex. Crim. App. 1994); Ex parte Luddington, 614 S.W.2d 427,
428 (Tex. Crim. App. 1981), superseded by constitutional amendment as stated in Cook, 902 S.W.2d
at 476. Because the indictment omits an element of the offense, the error is a defect of substance.

E. The Defect of Substance Is Subject to Harmless Error Analysis

 Since the error in the information is a defect of substance, we are now confronted with the
difficult question of whether a harmless error analysis applies to the error. Although defects of form
are clearly subject to a harmless error analysis, (3) Texas law is uncertain concerning whether some
form of a harmless error analysis applies to defects of substance. See 41 George E. Dix & Robert
O. Dawson, Texas Practice: Criminal Practice and Procedure § 21.147 (2d ed. 2001 &
Supp. 2006) (suggesting Rule 44.2 may apply to defects of substance). 

 In Cain v. State, the Texas Court of Criminal Appeals announced "[e]xcept for certain federal
constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it
relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically
immune to a harmless error analysis." 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (footnote
omitted). The Texas Court of Criminal Appeals noted that some errors will never be or will rarely
be harmless--particularly jurisdictional issues. Id. 

 We are unable to conclude the error in this case will never be harmless. We note that, at one
time, a defect of substance was a jurisdictional error. See, e.g., Morris, 13 Tex. Ct. App. at 71; see
also Cook, 902 S.W.2d  at 476. A defect of substance, though, is no longer a jurisdictional error. 
As discussed above, an indictment vests a trial court with jurisdiction as long as "it accuses someone
of a crime with enough clarity and specificity to identify the penal statute under which the State
intends to prosecute, even if the indictment is otherwise defective." Duron, 956 S.W.2d at 550-51. 
Because the information in this case provided Tollett with notice he was being charged with
speeding, the error in this case is not jurisdictional. Consequently, the general principles announced
in Cain dictate that we apply a harmless error analysis to defects of substance. (4) The error is subject
to a harmless error analysis.


F. The Error Did Not Affect Tollett's Substantial Rights

 Under Rule 44.2(b), we disregard the error if it does not affect the appellant's substantial
rights. See Tex. R. App. P. 44.2(b); Flowers v. State, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991)
(the requisites of indictments now stem from statutory law alone). A "substantial right" is affected
"when the error had a substantial and injurious effect or influence in determining the jury's verdict."
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We find the error in this case to be
harmless. See Tex. R. App. P. 44.2(b). The record does not contain any evidence Tollett lacked
notice he was being charged with speeding. The information alleged Tollett was operating a vehicle
at a speed of "73 mph in a 60 mph zone." Further, the error had no affect on Tollett's ability to
present his defense. Although Tollett's defense at trial was based primarily on the defect in
question--whether his speed was greater than was reasonable and prudent--Tollett was permitted
to advance this theory at trial. As discussed below, Tollett was permitted to introduce evidence that
his speed was reasonable and prudent. In addition, Tollett's attorney was permitted to argue his
client was not guilty of speeding, despite exceeding the speed limit, because his speed was
reasonable and prudent. The trial court correctly instructed the jury that the speed must have been
greater than was reasonable and prudent. The error did not affect Tollett's substantial rights. We
overrule Tollett's first point of error. 

II. Legal Sufficiency of the Evidence

 In his fourth point of error, Tollett argues that the evidence is legally insufficient. The trial
court instructed the jury, in pertinent part, as follows:

 Our law provides that a person commits an offense if the person drives a motor
vehicle at a speed that is not reasonable and prudent.

 . . . .

 It is prima facie evidence that a person drove at a speed that is not reasonable and
prudent if it is determined that they drove at a speed in excess of a posted speed limit
zone. 

According to Tollett, the State failed to introduce any evidence that his speed was not reasonable and
prudent. 

 Tollett testified that, just before he was stopped for speeding, he had been passing a slow-
moving semitruck. Tollett estimated the slow-moving semitruck was traveling approximately forty-five miles per hour. Because he was approaching a point where the highway merged from a four-lane highway into a two-lane highway, Tollett testified he needed to speed in order to safely pass the
slow-moving semitruck. Tollett believed it was safer to exceed the speed limit than to pass the slow-moving truck at the speed limit. 

 Tollett argues there is no evidence that he endangered another vehicle or that his speed was
unsafe under existing circumstances. In reviewing the legal sufficiency of the evidence, we view the
relevant evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 

 Section 545.352(a) provides, "[a] speed in excess of the limits established by Subsection (b)
or under another provision of this subchapter is prima facie evidence that the speed is not reasonable
and prudent and that the speed is unlawful." See Tex. Transp. Code Ann. § 545.352; see also Tex.
Transp. Code Ann. §§ 545.353, 545.355, 545.356. Because Trooper Jesse Mitchell testified
Tollett exceeded the posted speed limit, a rational trier of fact could have found that Tollett's speed
was not reasonable and prudent. The evidence is legally sufficient. We overrule Tollett's fourth
point of error.

III. Factual Sufficiency of the Evidence

 In his third point of error, Tollett argues that his testimony was sufficient to overcome the
presumption created by his exceeding the posted speed limit. In a factual sufficiency review, the
appellate court views all the evidence in a neutral light and determines whether the evidence
supporting the verdict is so weak that the jury's verdict is clearly wrong and manifestly unjust or
whether the great weight and preponderance of the evidence is contrary to the verdict. Johnson, 23
S.W.3d at 7; see Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996); see also Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

 The record does contain some evidence Tollett's speed was reasonable. Tollett testified that
his semitruck was not loaded and that he would not have passed the slow-moving semitruck if his
semitruck had been loaded. According to Tollett, the road was clear of other traffic and his action
did not endanger anyone. Tollett testified it was safer, in his opinion, to exceed the speed limit than
to pass the slow-moving semitruck at the speed limit. 

 The evidence, though, is factually sufficient. Evidence that a person was exceeding the
posted speed limit is prima facie evidence that the speed was unreasonable. Trooper Mitchell
testified that the posted speed limit was sixty miles per hour and that Tollett was traveling seventy-three miles per hour as clocked by radar. While no vehicle had to take evasive action or was
endangered by Tollett's operation of his semitruck, Mitchell testified Tollett's speed could have
posed a danger, particularly since a semitruck has greater weight and takes longer to stop than other
vehicles. Further, Tollett could have avoided the possibility of violating the speed law had he not
attempted to pass the other semitruck at that time. When considered in a neutral light, the evidence
supporting the verdict is not so weak that the jury's verdict is clearly wrong and manifestly unjust. 
Further, the great weight and preponderance of the evidence does not indicate that Tollett's speed
was reasonable and prudent. We overrule Tollett's third point of error.

 For the reasons stated, we affirm the judgment of the trial court. 


 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: April 5, 2007


Publish 


1. We note that Article 1.14(b) requires a defendant to object to an information before trial. 
See Tex. Code Crim. Proc. Ann. art. 44.181; see also Teal, 2007 Tex. Crim. App. LEXIS 316, at
*12 ("Texas law now requires the defendant to object to any error in the indictment before the day
of trial and certainly before the jury is empaneled."). As discussed above, Tollett objected to the
information before his trial de novo in the county court at law. 
2. Tollett has failed to show his remaining arguments--1) the information fails to allege Tollett
operated a motor vehicle, 2) the phrase "Subsection (b)" is meaningless, and 3) the phrase "73 mph
in a 60 mph zone" is unclear as a matter of law--are preserved. Even if these arguments had been
preserved, any error would be harmless for the reasons stated below.
3. When an error is a defect of form, Article 21.19 of the Texas Code of Criminal Procedure
requires the error to affect the defendant's substantial rights. Tex. Code Crim. Proc. Ann. art. 21.19
(Vernon 1989); see Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). However, the
Texas Court of Criminal Appeals has held that the Adams rule does not apply to a defect of
substance. See Labelle v. State, 720 S.W.2d 101, 106 (Tex. Crim. App. 1986); Jackson v. State, 718
S.W.2d 724, 725 n.1 (Tex. Crim. App. 1986). 
4. See Yandell v. State, 46 S.W.3d 357, 362 (Tex. App.--Austin 2001, pet. ref'd) (suggesting 
omission of culpable mental state is harmless because it does not affect defendant's substantial
rights). We note there is some authority for the proposition that a defect of substance either requires
an automatic reversal or always results in harm. Thompson v. State, 44 S.W.3d 171, 183 (Tex.
App.--Houston [14th Dist.] 2001, no pet.) ("the trial court's failure to quash the indictment has been,
and still is, treated as error harmful under any harm analysis, i.e. reversible per se"); see Sanchez v.
State, 32 S.W.3d 687, 697 (Tex. App.--San Antonio 2000), rev'd on other grounds, 120 S.W.3d 359
(Tex. Crim. App. 2003); see also 2 Texas Criminal Practice Guide: Indictment &
Information § 41.04[1] (Matthew Bender & Co. ed., Aug. 2006); 41 George E. Dix & Robert
O. Dawson, Texas Practice: Criminal Practice and Procedure § 20.42 (2d ed. 2001) ("An
erroneous failure to sustain an objection raising a defect of substance apparently requires automatic
reversal regardless of whether the appellant was harmed."). But see 41 George E. Dix & Robert
O. Dawson, Texas Practice: Criminal Practice and Procedure § 21.147 (suggesting Rule
44.2 may apply to defects of substance). However, for the reasons discussed above, we conclude
the error is subject to a harmless error analysis.