**AFFIRMED; Opinion Filed July 9, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00052-CR

### KENNETH RUSSELL CATLEGE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the County Court at Law No. 1
### Collin County, Texas
### Trial Court Cause No. 001-87213-2013

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

This is an appeal from the county court at law's judgment affirming a municipal court of record judgment for speeding in a school zone. *See* TEX. GOV'T CODE ANN. §§ 30.00014(a), 30.00027(a) (West Supp. 2013). In two issues, Kenneth Russell Catlege contends the evidence is insufficient to support the conviction and the trial court erred when it limited closing arguments to five minutes per side. We affirm the trial court's judgment.

### I. FACTUAL AND PROCEDURAL CONTEXT

Catlege was ticketed for speeding on March 6, 2013. Representing himself, Catlege pleaded not guilty to the offense and requested a jury trial in municipal court.

The State's sole witness at trial, Sergeant Douglas Rude, testified he was conducting school zone enforcement in West Plano when he observed Catlege travelling at a "high rate of

speed." Rude activated his handheld radar unit, which he had tested before his shift to ensure its accuracy, and determined Catlege was travelling at thirty-five miles per hour in the twenty-mile-per-hour school zone.

Testifying in his defense, Catlege agreed the school zone was active, but did not think he was travelling at an "unreasonable or imprudent speed." He was surprised he was stopped and testified his speedometer showed he was travelling exactly twenty-miles per hour.

The jury found Catlege guilty, and the trial court assessed a $150 fine. Catlege unsuccessfully appealed to the county court at law and then filed this appeal.

## II. SUFFICIENCY OF EVIDENCE

In his second issue, Catlege asserts the evidence is insufficient to support his conviction. Specifically, he asserts the evidence is insufficient because Rude's testimony was contradicted by his testimony, and the State offered no other evidence in support of its case.

### A. Standard of Review

The legal sufficiency standard of review is well known. In evaluating the sufficiency of the evidence to support a conviction, a reviewing court considers all the evidence and inferences from that evidence in the light most favorable to the trial court's judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Because the fact finder is the sole judge of the witnesses' credibility and the weight to be given the evidence, the reviewing court defers to the trier of fact's resolution of any conflicts in testimony, weight of the evidence, and inferences drawn. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

*B. Applicable Law*

To establish Catlege's guilt, the State was required to prove Catlege was driving in a school zone at a speed greater than twenty miles per hour. Plano, Tex., Code of Ordinances § 12-72 (b) (1967).

*C. Application of Law to Facts*

The record here reflects Rude observed Catlege travelling at a "high rate of speed" in the school zone. When he activated his radar, Rude determined Catlege was travelling thirty-five miles per hour, fifteen miles above the speed limit. Rude's testimony, viewed in the light most favorable to the verdict, was sufficient for the jury to find Catlege guilty of speeding in a school zone. *See id.*; *Tollett v. State*, 219 S.W.3d 593, 601 (Tex. App.-–Texarkana 2007, pet. ref'd) (evidence legally sufficient to support speeding conviction where trooper testified appellant exceeded posted speed limit). Although Catlege's testimony that he did not think he was speeding and his speedometer showed he was travelling exactly twenty miles per hour contradicted Rude's testimony, assessment of the witnesses' credibility and weight to give their testimony was for the jury. *See Hooper*, 214 S.W.3d at 13. The jury observed the demeanor of both Rude and Catlege and returned a verdict of guilty. We will not disturb that finding. *See id.*; *Murray v. State*, 438 S.W.2d 916, 917 (Tex. Crim. App. 1969) (officer's testimony that he observed appellant speeding and clocked him at seventy miles per hour in a thirty-five-mile-per-hour zone sufficient to sustain conviction though appellant did not think he was speeding). We resolve Catlege's second issue against him.

## III. CLOSING ARGUMENT

Catlege asserts in his first issue that the trial court erred in limiting closing argument to five minutes. Catlege, however, did not object when the trial court announced the limitation, when he was informed during his argument that he had only thirty seconds left, or when he was

informed he had run out of time.[1] Catlege also did not request a specific amount of time for argument, explain why he needed additional time, or state what topics he was unable to discuss due to the time limitation. Without an objection, request for additional time, and explanation for the need for additional time, no error was preserved.[2] *See* TEX. R. APP. P. 33.1(a)(1); *Madry v. State*, 200 S.W.3d 766, 773 (Tex. App.-–Houston [14th Dist.] 2006, pet. ref'd) (concluding that objection to time limitation and request for an additional five minutes without stating what topics would have been addressed if given more time insufficient to preserve error). We decide Catlege's first issue against him.

## IV. CONCLUSION

Having resolved Catlege's two issues against him, we affirm the trial court's judgment.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140052F.U05

---

[1] When informed he had only thirty seconds left, Catlege stated that he did not believe he would have time to make his last point. However, he did not state what that point was. We conclude Catlege's statement did not constitute a proper objection. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'") (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

[2] Catlege filed a motion for new trial as required to perfect his appeal to the county court at law. *See* TEX. GOV'T CODE ANN. § 30.00014(c). In the motion, he stated that his "due process right was violated in the Trial Judge's 'rule' of allowing only five minutes for closing argument," and that he needed more time to make all his arguments. However, he did not state how much time he needed or what the arguments were. Accordingly, we also conclude the motion did not preserve error. *See id.*



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KENNETH RUSSELL CATLEGE,
Appellant

No. 05-14-00052-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 1, Collin County, Texas
Trial Court Cause No. 001-87213-2013.
Opinion delivered by Justice Lang.  Justices
Myers and Brown participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 9th day of July, 2014.